372 APPELLATE COURTS OF ILLINOIS.

Booth v. The Supreme Lodge Knights of Pythias, 187 Ill. App. 372.

## Elizabeth A. Booth, Appellant, v. The Supreme Lodge, Knights of Pythias, Appellee.

### Gen. No. 18,737.

INSURANCE, § 763*—*when limitation of liability in benefit certificate not controlling.* A provision in a benefit certificate limiting the liability of the society to an amount based upon the member's expectancy of life in case of death by suicide, unless the certificate has been in full force for thirty-six months preceding his death, construed as not controlling in a case though the member died before the thirty-six months expired, where such member was insured under another benefit certificate which was in force for three years prior to his death and such provision in the certificate conflicted with a by-law, and it appeared that the by-laws authorized the board of control to prescribe the form of the certificate, but expressly denied it the power to change any law of the society.

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and judgment here. Opinion filed June 24, 1914.

GEORGE MACKAY, for appellant.

EDMUND S. CUMMINGS, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit instituted in the Municipal Court by Elizabeth A. Booth against the Supreme Lodge, Knights of Pythias, to recover the amount of a benefit certificate for $2,000 issued to William S. Booth, the husband of plaintiff. A trial by the court resulted in a finding and judgment against the defendant for $90.80, being the proportion of the amount named in the certificate which the matured life expectancy of the insured bore to his entire expectancy at the date of his admission to the insurance department of the defend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ant, and from said judgment the plaintiff prosecutes this appeal.

The material facts are stipulated. The insured joined the insurance department of appellee as a fourth-class member in 1901, when a benefit certificate for $1,000 was issued to him, and he continued a member of the fourth class until July 1, 1907, when he was transferred to the fifth class, plan "A", and received a certificate for $1,000 in lieu of the one first issued to him. On September 1, 1910, the insured applied for and received the benefit certificate here involved for $2,000 in the fifth class, plan "D". The insured came to his death by suicide on August 15, 1911. The benefit certificate dated July 1, 1907, for $1,000 was paid by appellee, but it refused to pay the face of the certificate here involved upon the ground that by the death of the insured, by suicide within thirty-six months after the date of the certificate, its liability was limited to the amount based upon the insured's expectancy of life, which amount being the amount of the finding and judgment it tendered to appellant.

Clause 2 of the certificate is as follows:

"The charter, all the laws, rules and regulations of the Society governing the Insurance Department now in force and as the same may be hereafter changed, altered, added to, amended and repealed together with the said application contained in parts one and two, and any subsequently made applications that may be accepted respecting this certificate, and this certificate * * * shall compose the contract between the member and the society."

Clause 11, under the designation, "Conditions, Provisions and Benefits", contained in the certificate, provides as follows:

"If the death of the member holding this certificate results from suicide, either voluntary or involuntary, whether the member be sane or insane at the time, * * * then the amount to be paid on this certificate shall be a sum only in proportion to the whole amount thereof, as the member's matured life expectancy is to his entire expectancy at the date of this cer-

374     APPELLATE COURTS OF ILLINOIS.

Booth v. The Supreme Lodge Knights of Pythias, 187 Ill. App. 372.

tificate, the expectation of life based upon the American experience table of mortality to govern.

The foregoing provision of this paragraph shall not apply to the member if at the time of his death this certificate has been in full force thirty-six months consecutively immediately preceding his death.''

Section 491 of the by-laws of the appellee Society is as follows:

''If the death of any member of the fourth and fifth class heretofore admitted or hereafter admitted to the said classes shall result from suicide either voluntary or involuntary whether such member shall be sane or insane at the time   *   *   *   then the amount to be paid upon such member's certificate in lieu of the full amount thereof, shall be a sum only in proportion to the whole amount as the matured life expectancy is to the entire expectancy at the date of said member's admission to the insurance department, the expectancy of life based upon the American experience table of mortality to govern, provided in case of members transferred to the fourth class from either of the first, second or third classes, and in case of members transferred from the fourth to the fifth class, the date of such transfer shall be taken as the date of admission to the insurance department in computing the amount to be paid as aforesaid, provided further that this section shall not apply to any member of the fifth class who has at the time of his death been in continuous good standing in the fifth class for thirty-six months immediately preceding his death, nor to any member of the fourth class who has been in continuous good standing in the fourth class for thirty-six months consecutively immediately preceding his death, and thirty-six months succeeding January 1, A. D. 1911.''

It will be observed that there is a clear conflict between clause 11 of the certificate and section 491 of the by-laws with reference to the condition upon which the limitation of liability by reason of the death of the insured by suicide becomes operative. Clause 11 provides that such limitation shall not be operative as to the assured if at the time of his death the certificate

has been in full force thirty-six months consecutively immediately preceding his death, while section 491 of the by-laws provides that such limitation shall not become operative as to any member of the fifth class who has at the time of his death been in continuous good standing in the fifth class for thirty-six months immediately preceding his death. If clause 11 of the certificate is controlling, the judgment must be affirmed, because the certificate had not been in full force for thirty-six months consecutively immediately preceding the death of the insured. If section 491 of the by-laws is controlling, the judgment must be reversed, because at the time of his death the insured had been in continuous good standing in the fifth class for thirty-six months immediately preceding his death.

It is well settled law, not controverted by appellee, that the laws and rules of a benefit society are to be liberally construed in favor of the insured and the beneficiary; that where an attempt is made by such society to work a forfeiture of a benefit certificate the laws, rules and regulations of such society will be construed most strictly against it; that where the language of a contract of insurance is uncertain or ambiguous, it will always be construed in favor of the insured and against the insurer. *Coverdale v. Royal Arcanum*, 193 Ill. 91; *Knights Templars Indemnity Co. v. Vail*, 206 Ill. 404; *Monahan v. Fidelity Mut. Life Ins. Co.*, 242 Ill. 488.

It is insisted on behalf of appellee that other sections of its by-laws contain provisions whereby the insured, when he made application for the certificate in question and upon the issuance to him of such certificate, became subject to be treated as a new applicant for membership in the fifth class, and that when section 491 of the by-laws is, as it should be, construed in connection with said other sections referred to, the contract of insurance is made certain and unambiguous in the respect in question, and that clause 11 of

the certificate embodies the true construction in that respect of said section 491 of the by-laws.

A consideration of the several other sections of the by-laws brought to our attention by counsel for appellee fails to disclose wherein the provisions of said sections may properly be held to apply to the precise situation here involved.

Section 482 provides that members desiring to transfer from a higher rate plan to a lower rate plan shall be treated as new applicants, and members who take extended or paid-up insurance and desire to secure membership in some other plan or upon another certificate in said fifth class shall be treated as new applicants.

The insured did not procure a transfer of his certificate from plan "A" to plan "D", but retained his certificate for $1,000 in plan "A", when he applied for and received the certificate here involved. Nor did the insured take extended or paid-up insurance when he applied for and received the certificate in question. It follows, therefore, that the provisions of said section 482 of the by-laws, prescribing the conditions upon which certain members of appellee Society shall be treated as new applicants, are not applicable to the situation here presented.

Section 488 provides that any member of the insurance department who is carrying insurance therein for a sum less than $5,000 and who may desire to increase the same in the fifth class, so that he may carry the full amount of $5,000 in said fifth class, shall be eligible to apply for such increase in the fifth class, and he shall be regarded, so far as such increase is concerned, as an original applicant for admission to the insurance department.

Clearly, the provisions of section 488 are by express terms only applicable to a member who desires to increase the amount of his insurance to $5,000, the full amount which he is permitted to carry. The insured at the time he applied for the certificate for $2,000 in

question was only carrying insurance to the amount of $1,000, so that his application for the certificate for $2,000, evidenced his desire to only carry insurance to 'he full amount of $3,000, being $2,000 less than he was ·ntitled to carry, and the provisions of said section did not become operative upon his making application for the certificate in question.

It is said by appellee that assuming there is a conflict between the by-laws and the benefit certificate, the provisions of the benefit certificate will prevail over those of the by-laws.

If the provisions contained in the benefit certificate were formulated and adopted by the Supreme Lodge, the governing body of appellee Society, the position of appellee upon this question might be tenable, but a determination of the question predicated upon that hypothesis is not necessarily involved here.

Sections 393, 416 and 417 of the by-laws, in so far as the same are here pertinent, provide as follows:

"Sec. 393. For the purpose of effecting the orderly conduct of business of the Insurance Department of this Society, there is hereby created a Board of Trustees to be known as the 'Board of Control', which board shall have full charge and complete control of the business and affairs of the Insurance Department, subject at all times and in all things to the direction of and to account and report to the Supreme Lodge Knights of Pythias."

"Sec. 416. The Board shall prescribe the form of all applications, certificates of membership or other forms, as well as the books, blanks and notices, unless otherwise provided by these statutes."

"Sec. 417. The Board shall have power to make, pass and enforce any order, rule or regulation to cover any exigency or case not provided for in the statutes of the Society, or by reason of inaction of the Supreme Lodge, provided, however, that it shall not possess the power to repeal, add to, take from, nor change any law of the society. The powers that are herein granted to the Board are not to be regarded as ex-

hausted by being once exercised, but are to continue until such powers are withdrawn by this society.''

It is apparent from a consideration of these several sections that while the board of control is authorized to prescribe the form of certificates of membership, it is expressly denied the power to repeal, add to, take from or change any law of the society. This express inhibition upon the exercise of such power by the board of control was merely a recognition by the Supreme Lodge of the rule of law which prohibited it from delegating its lawmaking power to the board of control.

As the necessary effect of the provision in clause 11 of the certificate would be to repeal or change section 491 of the by-laws, so as to render the same nugatory, the incorporation by the board of control of such provision in the certificate was unauthorized and ineffectual and the provisions of section 491 of the by-laws must be held to be controlling.

The judgment of the Municipal Court is reversed and judgment will be here entered in favor of appellant and against appellee upon the benefit certificate in question for $2,000 damages and costs of suit.

*Judgment reversed and judgment here for $2,000 and costs.*