## Blackburn, By et al. v. Blackburn, et al.

(Decided November 30, 1915.)

### Appeal from Scott Circuit Court.

1. Trusts—Devise of Real Property.—Where the testator bequeathed to a trustee 200 shares of turnpike stock to be held in trust for his grandson "for and during his natural life," and directed the trustee to take charge of the property and collect the dividends and use the proceeds thereof for the benefit of his grandson "for and during his natural life," the fact that the trustee sold the turnpike stock and invested the proceeds in a house and lot, taking title to himself as trustee, does not change the nature of the trust estate nor impose upon it the limitations contained in the will with respect to specific real estate therein devised.

2. Trusts—Cestui Que Trust.—The court properly adjudged that the trustee could join the cestui que trust, and wife, in a deed and convey fee simple title to the house and lot, but erred in adjudging that the trust was performed or terminated, and that the cestui que trust was entitled to the proceeds. It is not a mere naked or passive trust.

3. Trusts—Naked or Passive Trust.—A naked or passive trust is one in which the trustee is a mere depository of the property with no active duties to perform.

4. Trusts—Cestui Que Trust—Control of Real Estate.—The fact that greater limitations were placed upon the cestui que trust's right to use and control the real estate therein devised does not lessen the duties of the trustee as stipulated in the will and codicil with reference to the turnpike stock, and it is no less an active trust on that account.

JAMES BRADLEY for appellant.

JAMES F. ASKEW for appellees.

OPINION OF THE COURT BY JUDGE NUNN.—Reversing.

W. C. Graves bequeathed to William C. Finley, as trustee, 200 shares of turnpike stock to be held in trust for Harry G. B. Blackburn, his grandson, "for and during his natural life." The trustee was directed to take

charge of the property and collect the dividends and use the proceeds for the benefit of his. grandson, Harry G. B. Blackburn, "for and during his natural life." The fact that the trustee sold the turnpike stock and invested the proceeds in a house and lot in Georgetown, taking the title to himself as trustee, does not change the nature of the trust estate nor impose upon it the limitations contained in the will with respect to real estate therein devised. The house and lot is impressed with the same trust as that imposed upon the turnpike stock and will be considered as the same species of property that came into the hands of the trustee. The court properly adjudged that the trustee could join Blackburn and wife in a deed and convey fee simple title to the house and lot. But we are of opinion that the court erred in adjudging that the trust was performed or terminated, and that, therefore, Blackburn, the *cestui que* trust, was entitled to the proceeds. We can not accept the view expressed in the judgment, that "it is a mere naked trust." If it be, in fact, a mere naked, that is, a dry or simple trust, then the chancellor could properly vacate it upon request of the *cestui que* trust. Fink v. Metcalf, 26 Ky. L. R., 1263, 83 S. W., 643.

As said in the case of Carpenter v. Carpenter's Trustee, 119 Ky., 582, 115 A. S. R., 275, 68 L. R. A., 637:

"A dry or simple trust is one as to which the trustee has no duties to perform and the *cestui que* trust has the management of the estate. It is a simple separation of the equitable and legal estate, which can be united at the option of the *cestui que* trust."

It is also described as a trust in which the trustee is a mere passive depository of the property with no tive duties to perform.

The will and codicil directed the trustee to take and manage the property, collect the dividends and apply the proceeds "for the use and benefit of my grandson, Harry G. B. Blackburn, for and during his natural life." The will provided for a particular descent and distribution of the real estate devised, upon the death of Blackburn, or in the event he should forfeit his right thereto by going counter to certain prohibitions named in the will. These restrictions were not made applicable to the turnpike stock. The fact that greater limitations were placed upon Blackburn's right to use and control the real

estate devised does not lessen the duties of the trustee as stipulated in the will and codicil with reference to the turnpike stock, and it is no less an active trust on that account. It makes no difference that the testator did not contemplate or provide for remaindermen or remote beneficiaries in the use of the turnpike stock.

"A trust is active when the interposition of the trustee is necessary to carry out its purpose with respect to immediate as well as remote beneficiaries."

As long as the trustee has imposed upon him expressly or by implication, "some active and substantial duty to perform or useful purpose to subserve or discretion to exercise, with respect to the control, protection, management, or disposition of the trust property, such as the investment of or reinvestment or care of property * * * or the receipt and payment over of the rents, income, profit or proceeds of the trust property * * * or to protect the estate for a given time or until the death of some person * * * in all of these cases the legal estate does not vest in the *cestui que trustent,* and the use is not executed by the statute in them until the trustee shall have completed the last active duty imposed upon him by the trust." 39 Cyc., 213 to 219, inclusive.

In this case there is an active trust and the trustee has the sole management of the corpus during the life of Blackburn, the *cestui que* trust, and, therefore, it is not subject to termination by the act of the court or the parties.

The judgment of the lower court is reversed for proceedings consistent herewith.