FOURTH DISTRICT—APRIL, 1917.        327

Colburn v. Clover Leaf Casualty Co. et al., 206 Ill. App. 327.

**Jennie P. Colburn, Appellee, v. Clover Leaf Casualty Company and Mutual Health & Accident Association of America. Clover Leaf Casualty Company, Appellant.**

1. INSURANCE, § 670a*—*when evidence insufficient to show that insured is a custodian of explosives within accident policy.* In an action to recover on an accident insurance policy, where plaintiff's intestate made application for a policy as a preferred or class A risk, and gave his occupation as superintendent of a powder mill, classed as E, and agreed that, if injured while engaged in more hazardous work, benefits should be prorated accordingly, and where it appeared that after the issuance of the certificate, a motion was adopted that handlers and custodians of explosives theretofore given various classifications would be classed as X; that judgment was rendered for $2,400 as a preferred or class A risk, and the defendant contended that recovery should have been had for only $240° under the X class, or for not more than $720 under class E, *held* that as it was not shown that any explosive was ever in the actual or physical custody of the insured, or that he had personal care of the same, he was not a custodian of explosives under the terms of class X, and that therefore plaintiff's recovery could not be limited to the amount provided for under that class.

2. INSURANCE—*when insured deemed to be in preferred risk class within accident insurance policy.* In an action to recover on an accident insurance policy, where plaintiff's intestate made application for a policy as a preferred or class A risk, and gave his occupation as superintendent of a powder mill, classed as E, and agreed that, if injured while engaged in more hazardous work, benefits should be prorated accordingly, and where it appeared that after the issuance of the certificate to the deceased a motion was adopted that handlers and custodians of explosives theretofore given various classifications would be classed as X; that judgment was rendered for $2,400 as a preferred or class A risk, and defendant contended that recovery should have been had for only $240 under the X class, or for not more thân $720 under class E, *held* that as it appeared that the occupation designated, although referred to as being under manual E, was not so included, and that in fact it was not named under any classification, the insured must be considered as having been insured under class A as stated in the policy.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Colburn v. Clover Leaf Casualty Co. et al., 206 Ill. App. 327.

3. INSURANCE—*when rules and regulations of association construed most strictly against it.* Where an accident insurance company seeks to have the policy so construed that such construction would work a forfeiture of the benefits provided for by the policy, the rules and regulations of the association should be construed most strictly against such association.

4. INSURANCE, § 502*—*how provision in accident policy for payment in instalments construed in case of death.* In an action against an accident insurance company where the insured was killed, and the policy contained a provision that payment of all amounts for specific disability under a certain paragraph should be made "to the insured, or to his beneficiary, if surviving, or in the event of his prior death, to the legal heirs of the insured" in designated monthly instalments, and the verdict was for a lump sum, *held* that such provision should be construed as providing for the payment of the principal sum, in case of death, in monthly instalments and not in a lump sum, and that the monthly instalments from the date of death to the date of judgment should be paid in a lump sum and the balance in monthly instalments until the full amount was paid.

Appeal from the Circuit Court of Madison county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1916. Affirmed in part, reversed in part and remanded with directions. Opinion filed April 13, 1917. *Certiorari* denied by Supreme Court (making opinion final).

BELLATTI, BELLATTI & MORIARTY and WILLIAMSON, BURROUGHS & RYDER, for appellant.

BURTON & BURTON and M. U. HAYDEN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action in assumpit brought by appellee, Jennie P. Colburn, against the Clover Leaf Casualty Company and the Mutual Health & Accident Association of America, upon a health and accident policy issued to James A. Colburn, husband of appellee, by the last-mentioned company on May 29, 1909. The covenants and obligations of this policy were assumed by the Clover Leaf Casualty Company on May

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

20, 1912, and from that time the premiums thereon were paid to it. The principal sum of the policy was $2,000, and appellee was named therein as beneficiary. At the time the policy was issued James A. Colburn, the insured, was superintendent of the Equitable Powder Mills at East Alton, Illinois. He was killed April 1, 1915, by an explosion of powder in the press mill of that company. The manual of the mutual company classified all risks as of class A, B, C, D, E, F or X according to the hazard attending the occupation of the person insured. The written application made by Colburn for this policy stated among other things: "I hereby apply for a policy of insurance at premium rate of $2.00 per month in the Mutual Health and Accident Association of America as a preferred or class A risk." "6. My occupations are (name them all) superintendent of Equitable Powder Mills; classed in manual as E." "16. I understand the classification of my risk according to my occupation as above stated, and agree that for any injuries received while temporarily or otherwise engaged in doing any act or thing pertaining to any occupation or exposure, rated or classified by this association as more hazardous than preferred or class A, I or my beneficiary, as the case may be, shall be entitled to receive only such sum as the premium paid will purchase at the rate fixed by this association for such increased hazard as shown by the classification of risk by this association."

On March 7, 1911, the trustees of the Mutual Health & Accident Association adopted the following motion: "After March 1, 1911, the following will be classed as 'X': Users, handlers and custodians of explosives heretofore given various classifications will be classed as 'X.'" To the declaration the defendants filed a plea of the general issue and also a special plea averring that plaintiff was not entitled to a judgment for

more than $240, that being the amount due under the terms of the policy to a risk of class X; or more than $720, the amount so due to a risk of class E. Replication was filed denying the averments of the special plea. By agreement the case was tried before the court without a jury and a judgment was rendered in favor of the plaintiff for $2,400. The defendants submitted various propositions of law to the court, some of which were sustained and others refused. The case comes to this court on appeal by the Clover Leaf Casualty Company only. The errors assigned and argued by appellant are, in substance, that the court erred in (a) rendering judgment for more than $240; (b) rendering judgment for more than $720; and (c) rendering judgment for any "lump" sum, instead of for a sum payable in monthly instalments of $25 each.

Appellant contends that the proof shows the insured was at the time of his death a custodian of explosives in the sense that the term is used in the classification of risks adopted by the defendant association on March 7, 1911, and that his risk should therefore be classified as X. The indemnity paid for that class of risk under the premium paid by insured was only $200 plus accumulations, or in this case $240. Appellee claims the insured was not such a custodian; that the burden was on appellant to show insured was such and that it does not appear the classification was legally made. At the time of his death insured was engaged in the same occupation as at the time the policy was issued, that of superintendent of the Equitable Powder Mills, his duty in that capacity being that of a general overseer, employing and discharging all employees. He had a private office, the general charge and supervision of the entire works, and the exercise of his duties required his presence at different times in all departments of the plant. As the proof showed, he was in charge of the manufacture of the powder from the crude material until the finished product was

packed in kegs. It was not shown that any explosive was ever in the actual or physical custody of the insured or that he had the personal care of the same, and therefore he was not a custodian of explosives under the terms of the classification. Under this holding of the facts it is immaterial whether the classification made on March 7, 1911, by the mutual association was legally made or not, and the propositions of law on that question held and refused by the trial court need not be considered.

Under what class should the occupation of the insured be classified for ascertaining the amount due the beneficiary? The policy issued by the mutual association insured deceased as a "preferred or class A risk," under which class appellee would be entitled to recover $2,400, while appellant insists that the recovery should be had for the amount designated class E which would entitle appellee to $720, or class X, which would entitle her to only $240. From what is above said it is evident that appellee could not be limited in her recovery to the amount provided for under class X. If the risk is to be considered as placed elsewhere than under class A, such a construction would work a forfeiture of the benefits provided for by the policy, and in such case the rules and regulations of the insured association should be construed most strictly against appellant. In *Booth v. Supreme Lodge,* 187 Ill. App. 372, it is said: "It is well settled law, not controverted by appellee, that the laws and rules of a benefit society are to be liberally construed in favor of the insured and the beneficiary; that where an attempt is made by such society to work a forfeiture of a benefit certificate the laws, rules and regulations of such society will be construed most strictly against it; that where the language of a contract of insurance is uncertain or ambiguous, it will always be construed in favor of the insured and against the

332    APPELLATE COURTS OF ILLINOIS.

Colburn v. Clover Leaf Casualty Co. et al., 206 Ill. App. 327.

insurer. *Coverdale v. Royal Arcanum*, 193 Ill. 91; *Knights Templars Indemnity Co. v. Vail*, 206 Ill. 404; *Monahan v. Fidelity Mut. Life Ins. Co.*, 242 Ill. 488.'' To sustain its contentions the burden of proof was upon appellant to show that deceased was insured under another class 'than class A. In his application he stated that his occupation was ''superintendent of Equitable Powder Mills'' and this is declared therein to be classed in the manual as ''E.'' The occupation designated, however, was not included in the manual under class E and was, as a matter of fact, not named under any classification. ''Powder makers'' were listed as not insurable, but the occupation of the insured was not that of a powder maker and appellant admits that it cannot interpose the defense that the risk was not insurable after issuing the policy and accepting premiums for some six years with knowledge of his occupation. We are of opinion that appellant wholly failed to prove that the deceased's occupation was either actually or inferentially included under any other class, and therefore he must be considered to have been insured under class A as stated in the policy.

It is claimed by appellant that even if appellee could be held to be entitled to recover under class A, yet the court below erred in giving judgment for a lump sum of $2,400. Paragraph A of the policy, under which the recovery was had, contained the following provision: ''The payment of all amounts for specific disability in paragraph 'A' shall be made to the insured, or to his beneficiary, if surviving, or in the event of his prior death, to the legal heirs of the insured in installments of $25 on the first day of each month until the full disability claim is paid.'' This same clause or paragraph was construed in *Galewski v. Clover Leaf Casualty Co.*, 191 Ill. App. 496, as providing for the principal sum in case of death, in monthly instal-

ments and not in a lump sum. We fully agree with that construction of the clause and the judgment here should be so amended as to comply therewith. Appellant should be required to pay appellee an amount equal to $25 a month from the death of the insured to the date of the judgment, in a lump sum, and should thereafter pay her $25 a month on the first day of each month until the full amount of $2,400 be fully paid. The cause will be remanded with directions to the court court below to amend the judgment so as to conform to the views above expressed, and in all other respects the judgment will be affirmed; each party to pay one-half of the costs of this appeal.

*Affirmed in part, reversed in part and remanded with directions.*