## New York Life Ins. Co. v. Conrad et al.

(Decided June 22, 1937.)

360

BRUCE & BULLITT for appellant.

WILLIAM F. SIMPSON and L. M. ACKMAN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

In 1928, Hugh Lee Conrad was a man of means. His family, consisting of his wife and three children, lived in comparative luxury. In that year he contracted with the New York Life Insurance Company to hold the proceeds of two life insurance policies, each for the face value of $10,000, in trust for the benefit of his wife and children. He died in 1930. His estate proved to be insolvent because of the extraordinary depression in land values. His widow waived her dower in the estate, and in addition used $3,000 of the proceeds of an in-

surance policy in which she was the unrestricted bene-
ficiary in paying her deceased husband's debts. The
balance or $7,000 of that insurance she invested in a
home.

In accordance with the trust provisions of one of
the policies above referred to, the Insurance Company
issued three certificates of trust, each for the principal
sum of $4,374.04, for the benefit of the three children
for their respective lives, with the remainder over to
the survivors or survivor. From this source each child
has been receiving approximately $150 a year.

The company issued three other certificates ac-
cording to the terms of the other contract, which was
for the benefit of the widow and the children. One of
those trusts provides for the payment of the income from
the principal of $3,338.08, to the widow, Irene Conrad,
during her life. If she should die during the lifetime
of her daughter, Elsie Lee Conrad, but before April
9, 1955, the income is made payable to Elsie until that
date (when she will become 35 years of age), if she
should live so long. If the widow shall have died before
then, the corpus will on that date be paid to Elsie and
the trust end. If the widow should die on or after April
9, 1955, and the daughter be living, then the principal
is at once payable to the daughter and the trust termin-
ates. If both widow and daughter should die and if
the death of the one dying last shall occur while the
trust continues, the corpus is payable to the other two
children, Ruth Nelson Conrad and Hugh Renaker Con-
rad, equally, or to the survivor, and "if neither sur-
vive, to the executors or administrators of the one dying
last."

The other two certificates were identical, except
that a different child is named as the second bene-
ficiary and the contingent or third beneficiaries are the
other two. The dates are adjusted to the age of each
second beneficiary so that the termination of each trust
occurs on his or her thirty-fifth birthday, unless the
mother should then be living. It is provided in each
trust:

"The benefits under this Certificate of Trust are not
transferable nor are they subject to commutation
or incumbrance, nor except in an action to recover
for necessaries shall said Company, as Trustee,
or otherwise, pay or be liable to pay any benefits

under this Certificate to any person, firm or corporation, except to said Beneficiaries personally, or to a guardian for said Second Beneficiary during minority.''

These three trusts, in which the widow and mother is the first beneficiary, have yielded an income of $348.88 a year.

Mrs. Conrad married William Renaker some time after the death of her first husband, but his earnings have been very limited, not exceeding $500 a year, and the entire income of the family has not been sufficient to meet their normal expenses. The mother has been in ill health and has had to undergo surgical operations and confinement in a hospital and her bed at home for six months. She is physically unable to care for her household duties and servants are required. The children are now thirteen, fourteen, and seventeen years of age, respectively. The oldest daughter has completed the high school course and desires to attend college. The cost of maintaining each child has exceeded the income from his and the mother's trusts. The entire income from these trusts has been $784.58 a year and the expenses have exceeded the family income by $842 a year. The situation is that the mother, in the care of herself and children, has incurred an indebtedness of more than $1,400. In order to take care of that indebtedness and to enable the oldest child to attend college, Mrs. Renaker, as the first beneficiary and as the guardian of each of her three children, instituted this suit against the trustee and prayed that the court authorize the payment of $1,500 of the corpus of the three trusts last described to her as guardian in reimbursement of the money she has expended and the debt incurred in providing the children with necessaries. She further asked that the trustee be authorized to advance to her as guardian from the principal such sums as when added to the monthly income realized by each child from the other trust in which the children only are beneficiaries as will total for the oldest, Elsie Lee Conard, $40, and for each of the other two $30 a month, respectively.

The chancellor construed the terms of the trust as indicating an intention of the father, as the settlor, to provide adequately for the care and maintenance of his wife and children, and found that the income from the trusts is not sufficient to provide that care

which he would have desired had he lived, and that the amount of payments fails to accomplish the ends which he desired in creating the trusts. Therefore, that his intent and purpose cannot be effectuated or accomplished without substantially increasing the monthly payments under each trust certificate. Since the first beneficiary, Mrs. Renaker, and the children, as the remaindermen, desire that such encroachments and advancements of the principal should be made, the court ordered the trustee to reimburse Mrs. Renaker in the sum of $1,000 and charge one-third of it against each of the three trust contracts; and further to advance for each child from the principal such a sum as when added to the monthly income from the other trust estate will total $25 a month, and charge the same against the corpus. The case was retained upon the docket for an adjustment of the decree if the conditions subsequently changed. The trustee appeals.

We do not question the wisdom of higher education or the desirability of providing for the present well-being of the children rather than have them suffer while waiting the ultimate period when they may become possessed of an estate. The vicissitudes of life often give rise to conditions never anticipated by one in making provision for his family that shall extend beyond the grave. The rule by which a court of equity may, in an emergency or under peculiar circumstances not anticipated or expressly provided for by the creator of a trust, accelerate its enjoyment does not go so far as to authorize the expenditure of the principal to meet the convenience of the beneficiary or his worthy and commendable wishes. 26 R. C. L. 1379. It is to be borne in mind that we are not dealing with income of a trust as was the case in Zinsmeister's Trustee v. Long, 250 Ky. 50, 61 S. W. (2d) 887. It must be remembered that a trust must be executed, not by what might have been provided, but what was provided. The intention of the creator as expressed in the instrument is the primary guide in its interpretation and the compulsory control of its enforcement. An unambiguous trust must be respected as written and the binding contract enforced. We cannot agree that there is to be found in these instruments of trust the sole purpose of the father to provide an income for the maintenance and care of his family in a station of life to which they had been accustomed. He may have believed at

the time these trusts were created in 1928 that his estate, supplemented by this income, would be ample for that purpose, but we cannot read into these contracts made with the trustee a purpose to have the principal encroached upon or diminished. The contract was with one of the largest and strongest financial institutions in the world, and we think it is manifest from its terms that the father was intending to and did provide a monthly income for his widow and children during their life, or until each child became matured in age, which would not be lost or be taken away from them. The terms of the trust prohibit the invasion of the principal for the maintenance of the children. Offutt v. Devine's Ex'r (Ky.) 43 S. W.816; Fowler v. Mercer's Ex'r, 170 Ky. 353, 185 S. W. 1117; McBride v. McBride, 262 Ky. 452, 90 S. W. (2d) 736; Stewart v. Hamilton, 151 Tenn. 396, 270 S. W. 79, 39 A. L. R. 37. The intention being plain and the purposes of the trust not accomplished, the court has no power to terminate the trust in part or in whole. Blackburn v. Blackburn, 167 Ky. 113, 180 S. W. 48; Miller's Ex'r v. Miller's Heirs and Creditors, 172 Ky. 519, 189 S. W. 417.

It is to be observed, moreover, that if all of those persons named as beneficiaries shall have died before the date designated in each trust, then the principal is made payable to the executor or administrator of the last one dying. It cannot be said the widow and children are the absolute owners of the trust estate and that no other person has an interest. There is a contingent trust for the devises or heirs of the survivor if he or she dies before becoming thirty-five years of age. They are, of course, undeterminable at this time.

As is well said in 26 R. C. L. 1380, par. 242:

"It is essential to the granting of an application for maintenance and education that the infant should have such an absolute title or interest in the trust or its income that the right of no other person will be affected by the allowance. Unless he has such an interest, the consent of any person entitled in remainder, whose estate may be diminished in value by the allowance, must be had before the application will be entertained. So where there is a devise over, the court will not ordinarily direct an allowance for the maintenance and education of a minor to be made out of the fund to which he is to become entitled at majority."

The provision, in the trust certificate above quoted, that the benefits are not subject to commutation or encumbrance nor payable to any one other than the named beneficiaries except in an action to recover for their necessaries, does not enlarge the rights of the cestui que trust or authorize the expenditure of the corpus. We construe the term "benefits" to mean "income."

We are of the opinion, therefore, that the trial court was not authorized to enter the decree.

Wherefore the judgment should be, and it is, reversed.