## YOUNG et al. v. ROBINETTE et al.

Court of Appeals of Kentucky.

April 27, 1951.

Kenneth A. Howe, Pikeville, for appellants.

Jean L. Auxier, Pikeville, for appellees.

CLAY, Commissioner.

This action was brought for a declaration of rights, to secure the construction of a will, and to authorize the conveyance of a fee simple title to real estate. The Chancellor approved the sale, but determined that the proceeds must be held in trust. Appellants on this appeal object only to the latter portion of the judgment.

Under the will of Tibb Goff an interest in the property was devised in trust, the income therefrom to be paid to the testator's wife for life. At her death the property was to go to other persons who appear here as appellants. The trustee, the wife, and the remaindermen all joined in asking that a sale of the property be approved.

In spite of the fact that the will prohibited the sale of the real estate by the trustee or the wife, we think the Chancellor properly construed it as authorizing a sale with the consent of all interested parties, and this matter is not in issue.

It is appellants' contention that the trust has become a dry or passive one, and that under such circumstances, the Court should decree a dissolution of the trust and the proceeds of the sale should not be subject thereto. Appellants are clearly mistaken when they argue that the trust has become inactive simply because the real estate had not heretofore produced income and because all of the interested parties are agreeable to having it terminated. A dry trust is one wherein the objects and purposes have been accomplished, and the trustee has no duties to perform. See Carpenter v. Carpenter's Trustee, 119 Ky. 582, 84 S.W. 737, 68 L.R.A. 637.

On the other hand, as stated in 54 Am. Jur., Trusts, Section 75: " * * * a trust ordinarily cannot be terminated by the consent, contract, conveyance, or transfer of a beneficiary unless the object of the trust has been attained, or at least practically accomplished, and termination of a trust is not justified merely because of the judgment of beneficiaries that a testator's intention will be better achieved some other way."

This Court has in several cases recognized that a court of equity may not terminate a trust, even when the interested parties are in agreement, unless the design and the object of the trust has been accomplished. See Miller's Executors v. Miller's Heirs and Creditors, 172 Ky. 519, 189

S.W. 417; Brown v. Owsley, Trustee, et al., 198 Ky. 344, 248 S.W. 889; Fidelity & Columbia Trust Co. v. Williams et al., 268 Ky. 671, 105 S.W.2d 814; and New York Life Ins. Co. v. Conrad et al., 269 Ky. 359, 107 S.W.2d 248.

In the present case it was the intention of the testator that his wife should be paid income from this property during her lifetime. She apparently wishes to receive from the sale proceeds the present value of that right. This is contrary to the trustor's design, and we must enforce the trust to the extent it is possible to do so. The Chancellor properly decided this question.

The judgment is affirmed.