**PLYMOUTH CONGREGATIONAL CHURCH, Appellant,**

**v.**

**Clarence YOUNG'S TRUSTEE, Appellee.**

Court of Appeals of Kentucky.

March 8, 1957.

Harry S. McAlphin, Louisville, for appellant.

Allen P. Dodd (Dodd & Dodd) S. A. Burnley, Dennis Henderson, Louisville, for appellee.

BIRD, Judge.

Clarence Young died testate July 23, 1950. His will, executed September 9, 1949, was duly probated and recorded. Appellee, R. D. Terry, was named executor and trustee. He accepted the trusts and was duly qualified. Item II of the will, subject of this controversy, provides as follows:

"I direct that my Executor and Trustee hereinafter named pay the dividend from my 600 shares of the Capital Stock of the Domestic Life and Accident Insurance Company to the Plymouth Congregational Church of Louisville, Kentucky, for a period of ten years after my death and that at the expiration of said time the stock be sold and the net proceeds therefrom be applied by the Plymouth Congregational Church on a Grant held by the American Missionary Association."

The 600 shares bequeathed were transferred on the company books to the trustee, who collected the dividends and paid them to the church as directed.

In June, 1954, the insurance company declared a dividend of one hundred percent payable in shares of the company. Consequently 600 new shares were issued in the name of the trustee.

During all of the times heretofore mentioned the church was indebted to the American Missionary Association in the sum of $11,000, secured by mortgage on church property.

Testator, member and officer of the church, knew of the church's financial obligations and it was not uncommon for him to make substantial contributions.

The estate was settled in course and Terry continued to act as trustee. The church contends that Item II creates no active trust and that the bequest constitutes an outright gift of the original 600 shares, and further contends that the 600 dividend shares should be transferred to it as income from the original 600 shares. It filed this action seeking a declaration of its rights in and to both original and dividend shares. The trustee and others mentioned in the will were made parties defendant. There was no issue of fact. The lower court answered specifically the questions presented. The declarations assigned

as error on this appeal are enumerated as follows:

(1) The court held that the bequest was not an outright gift, that an active trust was created with both church and missionary association as beneficiaries.

(2) The court held the dividend shares to be a part of the corpus, not transferable to the church as income from the stock.

(3) The court held that the right to sell is vested in the trustee rather than the church, and inconsistently held in two separate paragraphs of the judgment that the 600 dividend shares should and should not be sold along with the original shares.

(4) The court declined to adjudge the rights of the parties to any surplus that might exist after the sale.

We will discuss the holdings as enumerated.

(1) Appellant contends that Item II bequeaths unlimited use of income for ten years and then the use of the actual corpus, thereby constituting a bequest of the property itself, which renders the trust, if any, dry and passive. This Court does hold that a gift of income from personal property without contingency and without limitation as to time is a gift of the property itself. Wilkinson v. Rosser's Ex'r, 104 S.W. 1019, 31 Ky. Law Rep. 1262; Shedd's Adm'r v. Gayle, 288 Ky. 466, 156 S.W.2d 490. In such instances no actual trust function exists and naming a trustee is unwarranted.

Though a trustee be named and his duties defined, an active trust is not created by will if testator's purposes can be fully accomplished by his direct bequest or devise. If, however, such purposes require intermediate attention to assure full accomplishment, the will creates an active trust.

In the case at bar, it is the Court's opinion that testator could not be assured of the full accomplishment of his purposes by a direct bequest of the stock to the church. It was his express purpose to provide income to the church for a period of ten years, and it was likewise his express purpose to finally provide the church with a means of payment on a specific church debt, if such a debt existed at the time. Had he bequeathed the stock without contingency and without time limitation, the church, at its pleasure, could dispose of it without accomplishing either purpose. Though the church would most likely be inclined to respect the wishes of its benefactor, no legal obligation would rest upon it to do so.

Appellant argues that a guaranty of performance could be secured by bond provided by KRS 396.130 and required in the case of Wilkinson v. Rosser's Ex'r, supra. The purpose of that bond is to indemnify the personal representative and protect the creditors if, at the time of distribution, debts of testator may be unpaid. The estate, in this instance, is indebted to no one. The church is the debtor. Testator's simple direction that the trustee pay beneficiary's debt does not create a debtor-creditor relationship between the estate and the creditor. The debt remains that of the beneficiary. The creditor, however, may by proper action subject beneficiary's interest in the trust property to the payment of the debt. Dority v. W. E. Rogers & Co., 223 Ky. 238, 3 S.W.2d 636; Huffman v. Chasteen, 307 Ky. 1, 209 S.W.2d 705. The suggested bond provides no assurance of accomplishment in this case.

For a further reason it cannot be reasonably contended that the bequest of the use was without contingency or time limitation. This specific debt could well be fully paid before testator's demise. There is nothing in the will or record indicating the testator intended that the church permanently have the stock in that event. The use of the actual corpus was contingent upon the existence of the debt, and the use of the income, in that event, is definitely limited to ten years.

It all leads to the inescapable conclusion that an outright gift was not made and

that intermediate attention is required of the trustee in order to accomplish testator's purposes. This being true, the trust is active and not passive. Carpenter v. Carpenter's Trustee, 119 Ky. 582, 84 S.W. 2d 737, 68 L.R.A. 637; Blackburn v. Blackburn, 167 Ky. 113, 180 S.W. 48.

■ Appellant complains that the court erred in holding the American Missionary Society a beneficiary of the trust. We doubt its importance here but we must agree. Testator's simple direction for trustee to pay a specific debt does not make the creditor a beneficiary. The debtor is actually the beneficiary of such direction. The purpose of testator was not to furnish the creditor with a means of collection but rather to furnish the debtor with a means of payment. Trust property generally being subject to any debt of the beneficiary, testator's specification simply prefers, as he had a right to do, one of beneficiary's creditors over others. The creditor has a preferred claim against the trust property, enforceable at the proper time by appropriate action to collect the debt.

■■ (2) The trial court is correct in holding that the 600 dividend shares constitute a part of the corpus not transferable to the church as income from the stock. This question was conclusively settled in the case of Bowles v. Stilley's Ex'r, Ky., 267 S.W.2d 707. We held there, in substantially adopting the Massachusetts rule, that a stock dividend constitutes a part of the corpus and is not income from stock. See also KRS 386.020(4). The church, for ten years, is entitled only to income from the stock. To constitute income from stock a dividend must be completely alienated from the corporate assets, unless otherwise provided by statute.

(3) (A) We find no error in the court's ruling that the right of sale was vested in the trustee.

(B) Shall the trustee also sell the 600 dividend shares as he does the original 600 shares? The trial court answered yes

and no. The affirmative ruling is consistent with the judge's written opinion and we concur.

To be consistent with our decision in Bowles v. Stilley's Ex'r, we must hold the dividend shares subject to sale in the same manner and for the same purposes as provided for the original 600 shares. In that case we held that cash dividends from the dividend shares are payable as income to the life beneficiary. Therefore it must follow here that cash dividends from the 600 dividend shares are payable to the church. To so hold we must and do recognize that the increment constitutes merely a portion of the original corpus and is subject to the same uses provided for the original.

(4) We find no error in the court's refusal to declare rights to a possible surplus.

The trial court erred in holding that the missionary association is a beneficiary of the trust and further erred in holding that the dividend shares were not subject to sale as were the original shares. In these respects the judgment is reversed. In all other respects the judgment is affirmed.