**Ada J. VANT and Walter J. Vant, Appellants,**

v.

**MUTUAL BENEFIT LIFE INSURANCE COMPANY, a Corporation.**

**No. 12777.**

United States Court of Appeals Third Circuit.

Argued Dec. 15, 1958.

Decided Dec. 31, 1958.

Rehearing Denied Feb. 16, 1959.

Paul Ginsburg, Pittsburgh, Pa., for appellant.

Gilbert J. Helwig, Pittsburgh, Pa. (Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM.

When this matter came before us for hearing on appellee's motion to dismiss the appeal and the countering motion of appellants to remand with instructions, it became apparent that counsel for both parties were addressing themselves, in substantial part at least, to the merits of the issue presented by the appeal. Accordingly, it was stipulated in open court that at the conclusion of argument the case should stand submitted on the merits of the appeal as well as on the motions. In this connection counsel for appellant strongly urged the relevancy of briefs and records on the prior appeal on this case. Vant v. Mutual Benefit Life Ins. Co., 1958, 255 F.2d 263. We have examined and considered these items.

This litigation is an effort of a widow and her son, beneficiaries of a policy of insurance on the life of their deceased husband and father, to obtain immediate payment of the entire proceeds of this life insurance policy, although the policy itself expressly provided for the payment of interest on the principal sum to the widow during her lifetime and the entire proceeds to the son on her death. Originally, the case was submitted in the trial court on plaintiffs' motion for summary judgment and defendant's motion to dismiss. Final judgment was entered dismissing the complaint. On appeal we affirmed.

After our remand to the district court the plaintiffs filed an amendment to their original complaint alleging in substance that the defendant is in legal contemplation a trustee of the fund in controversy for the plaintiffs. This theory was not spelled out in the original complaint. Believing that our appellate ruling required the same result whether the complaint presented a contractual or a trust theory of liability, the district court, on motion, struck this amendment. This appeal followed.

The district court was correct in its interpretation of the meaning and effect of our decision on the first appeal. It was and is our view that appellants have not alleged or shown justification, whether on a theory of trust or otherwise, for equitable intervention overriding the arrangement made by the insured with the insurance company for the deferment of payment of the proceeds of the insurance policy.

The motions will be denied and the judgment will be affirmed.