HENDRY, Judge.
This is an interlocutory appeal filed by the appellants, defendants in the trial court, seeking relief from a temporary restraining order entered by the trial court.
*123 The plaintiff-appellee, Wilson P. Abraham Construction Corporation, filed suit against the appellants and the Barnett Bank of Homestead, seeking money damages and a temporary injunction.
The gravamen of the plaintiff’s complaint alleges fraudulent concealment of certain material facts concerning zoning of the real property which the appellants James J. and Beatrice F. Sepielli, his wife, sold to the plaintiff.
The temporary restraining order which the plaintiff sought, and which the trial court granted, enjoins the appellants (and the defendant Barnett Bank) from instituting any foreclosure proceedings, or any other action upon a promissory note and a mortgage securing the note (including accelerating the note and mortgage) which the appellee gave to the appellants in connection with the land transaction involved in this case.
The appellants assert that the injunction imposed by the court below restraining them from any foreclosure upon the mortgage and note effectively impairs their contractual rights under the said mortgage and note, and is therefore improper.
Appellants cite this court’s holding in Morton v. Zuckerman-Vernon Corp., Fla. App.1974, 290 So.2d 141, cert. denied, 297 So.2d 32 (Fla.1974). We believe the appellants’ point is well-taken.
In Morton, the plaintiff filed a complaint seeking possible rescission of a contract of sale of land at some furure date, This court held that such a circumstance would not relieve the plaintiff of its obligation to pay interest under the terms of a mortgage and note.
We stated that an injunction which declared a moratorium on the plaintiff’s obligation to pay interest amounted to an impairment by judicial action of the obligations of the contract.
In the case now before us, we think the facts are even stronger for not permitting judicial incursion into the contract by means of an injunction.
In this case, the plaintiff is making no effort to rescind the contract. To the contrary, the plaintiff seeks to affirm the agreement and obtain a money judgment due to fraud allegedly committed by the appellants.
Under these circumstances, we do not think the plaintiff is entitled to be relieved of its obligation to pay both the principal and interest under the terms of its note and mortgage agreement.[1]
Accordingly, for the reasons stated, the order appealed is reversed, and the cause is remanded to the circuit court for further proceedings. Since the plaintiff’s initial payment under the mortgage and note is now past due, it is ordered that the plaintiff be given a 30-day grace period within which to make payment after the mandate of this court is filed in the circuit court.
Reversed and remanded.

. We have considered the appellee’s contention that a court will not enforce an acceleration of payments and foreclosure of a mortgage where to do so would be unconscionable. However, that issue is not squarely before us in this case because there is not even a pleading asserting that acceleration or foreclosure would be unconscionable under the facts and circumstances of this case, nor as this case is postured could any equitable defense to foreclosure be maintained. See, New England Mutual Life Insurance Co. v. Luxury Home Builders, Inc., Fla.App.1975, 311 So.2d 160. Likewise, we have considered appellee’s point relative to the' appellants’ standing to maintain this appeal. That point is answered by the appellee’s own complaint wherein it is averred that the Sepiellis “despite the assignment of said Mortgage, are still the owners of said Mortgage and Note and will be indebted to the Plaintiff herein for sums in excess of the amounts due and owing under the terms and conditions of said Note.” In addition, it is clear that the injunction entered by the trial court was made applicable to all the named defendants to this lawsuit.