DANIEL S. PEARSON, Judge.
Irene Wynn, insured by Prudential Insurance Company, designated her granddaughter, Tarsha, as the beneficiary under a life insurance policy and elected that the proceeds be paid to Tarsha in monthly installments over a period of years without any earlier right of withdrawal of the proceeds by the beneficiary. After Irene’s death, Tarsha’s guardian petitioned the probate court to order that Prudential pay the insurance proceeds to the guardian in lump sum. Despite Prudential’s objection that such an order contravened the terms of the insurance contract between it and the insured, the probate court ordered lump sum payment. Prudential appeals.
We reverse the order of the probate court upon a holding that where an insured in clear and unambiguous terms selects a method of payment to her benefi *503 ciary designed to effectuate her intention[1] that her beneficiary receive the money over a period of years, a court cannot rewrite the contract between the insured and her insurer by ordering the insurer to disregard its contractual obligation to the insured and pay the money in a single lump sum payment. In re Nires, 290 N.Y. 78, 48 N.E.2d 268 (1943) (where insurance policy provided for accumulation of interest until age of 21, court was not empowered to vary insurance agreement by ordering immediate payment of accumulated interest needed to support the minor beneficiaries); Clover Leaf Casualty Company & Mutual Health & Accident Association of America v. Colburn, 206 Ill. App. 327 (1917) (where insurance policy called for monthly installments, court not empowered to order lump sum death benefits); McLaughlin v. Equitable Life Insurance Society of the United States, 112 N.J.Eq. 344, 164 A. 579 (1933) (where insurance policy called for proceeds to be held until minor beneficiaries attained 18th birthday, court not empowered to order earlier payment alleged to be needed for support and maintenance of minors). Accord, Vant v. Mutual Benefit Life Insurance Company, 262 F.2d 803 (3d Cir. 1959) (where policy called for interest to be paid to son and proceeds to son upon wife’s death, the insurance company was not holding funds as trustee so as to justify equitable intervention to abrogate the plain provisions of the contract). Cf. New York Life Insurance Company v. Conrad, 269 Ky. 359, 107 S.W.2d 248 (1937) (where policy provided proceeds to be held in trust for benefit of wife and children, court could not invade trust to pay proceeds to wife because it contravenes intent of insured). See also Home Development Company of St. Petersburg, Inc. v. Bursani, 178 So.2d 113 (Fla. 1965); Sepielli v. Wilson P. Abraham Construction Corp., 313 So.2d 122 (Fla. 3d DCA 1975); Sal J. Morgan Enterprises, Inc. v. 57th Avenue Development Corporation, 305 So.2d 18 (Fla. 3d DCA 1974); All Dixie Insurance Agency, Inc. v. Moffat, 212 So.2d 347 (Fla. 3d DCA 1968). This result is unaffected by the fact, assumed by the trial judge, that the money in the hands of Tar-sha’s guardian might earn far more interest for Tarsha than it would in the hands of Prudential.[2] Notwithstanding that the trial court may have been benignly motivated, it was not empowered to violate the sanctity of Irene Wynn’s contract.
Reversed.

. The language in the insurance policy is the best possible evidence of the intent of the contracting parties. Jacobs v. Petrino, 351 So.2d 1036 (Fla. 4th DCA 1976).

. Of course, it is not dogma that a potentially higher interest is in the best interest of the child. Among other considerations are the safeguarding of the funds, concerns about profligate spending, and economic uncertainty.