DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALINE NORMAN,**
Appellant,

v.

**JANNE JAIMES,**
Appellee.

No. 4D19-83

[July 31, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Laurie E. Buchanan, Judge; L.T. Case No. 472013CA000447.

Colin M. Cameron of Colin M. Cameron, P.A., Okeechobee, for appellant.

No appearance for appellee.

GERBER, J.

A home property seller appeals from the circuit court's final judgment, which effectively awarded the seller's property to the buyer on the basis that the seller failed to disclose a recorded lien encumbering the property. The seller argues that the buyer was on constructive notice of the recorded lien, and that the circuit court's final judgment improperly modified the parties' contract by allowing the buyer to pay only a small portion of the property's purchase price, while depriving the seller of the property's full value and the agreed-upon interest to be paid over time.

We agree with the seller's arguments. While we respect the circuit court's described motivation "to do equity between the parties," the only legally proper result of this action was to enter final judgment in the seller's favor on both the buyer's complaint and the seller's counterclaim.

We present this opinion in three parts:
1. the circuit court's findings of fact;
2. the circuit court's conclusions of law; and
3. our review.

# 1. *The Circuit Court's Findings of Fact*

We present the circuit court's findings of fact in the final judgment to the extent such findings are supported by competent, substantial evidence. *See Acoustic Innovations, Inc. v. Schafer*, 976 So. 2d 1139, 1143 (Fla. 4th DCA 2008) ("When a decision in a non-jury trial is based on findings of fact from disputed evidence, it is reviewed on appeal for competent, substantial evidence."). Other record facts are included below where necessary to provide a complete picture of the material facts.

The parties entered into an agreement for deed ("the contract"). The contract provided that the buyer would purchase the property from the seller for $85,000 plus 10% interest (later adjusted to 9%), to be paid with a $5,000 down payment and monthly payments of $650 per month. The contract further provided that upon the buyer making the payments set forth above, the seller would deliver clear title to the buyer. The contract required the buyer to pay all taxes, assessments, or impositions levied on the property beginning with the calendar year after the contract was executed.

The parties executed the contract at a title company's office, but the title company did not conduct a title search of the property and did not issue title insurance thereon.

Some years after the parties executed the contract and the buyer was living on the property, county code enforcement personnel arrived on the property. The code enforcement personnel advised the buyer that, sometime before the parties executed the contract, the county had recorded a lien on the property due to an unapproved structure which the seller had placed on the property. Since the lien's imposition, the lien had been accruing a $25 per day fine, and ballooned to $83,000 in total. The buyer demolished the structure, and the county ceased imposing the fine.

The buyer received legal advice to stop making her monthly payments to the seller. Although the buyer had paid significant sums to the seller, primarily towards the interest owed on the purchase, the remaining principal balance which the buyer owed on the purchase was $83,910.41.

The buyer sued the seller in five counts, which appear to have been pled in the alternative: (1) declaratory relief to require the seller to convey clear title to the buyer; (2) damages for breach of contract for not conveying clear title to the buyer; (3) damages for fraudulent misrepresentation for not disclosing the lien; (4) damages for negligent misrepresentation for not

2

disclosing the lien; and (5) rescission of the contract for not disclosing the lien.

The seller counterclaimed to foreclose on the contract, which was being treated as a mortgage.

At trial, the seller testified that she notified the buyer of the lien's existence before the parties executed the contract. The buyer testified she did not know about the lien's existence, and when she confronted the seller about the lien's existence, the seller responded that the lien would be taken care of. The circuit court found that the buyer's testimony was credible on this topic, and the seller's testimony was not credible.

The seller conceded that it was her obligation to clear the lien, and that the county had an amnesty program by which the county could forgive all or part of the fine supporting the lien. However, the seller conceded that she had taken no action to apply for amnesty, and did not have the financial ability to pay the fine and convey clear title to the buyer.

The buyer ultimately argued that the seller, by failing to pay the lien, anticipatorily breached the contract, thereby justifying the buyer ceasing the monthly payments.

The seller argued that until the buyer made all of the payments under the contract, the seller was not required to convey title free and clear of the lien. The seller also argued that because the lien had been recorded, the buyer had been on constructive notice of the lien, and the buyer's ceasing of the monthly payments was unjustified.

## 2. *The Circuit Court's Conclusions of Law*

Based on the foregoing evidence and arguments, the circuit court made the following conclusions of law:

> [A] gross inequity would result if [the buyer] had to pay the entire . . . purchase price only to find out at the end that [the seller] does not have the financial ability to convey clear title.

> [T]he [seller's] stated inability to satisfy the code enforcement lien constituted anticipatory breach which justified [the buyer] stopping payments under the [contract] and that [the seller] is thereby precluded from recovery of the property by foreclosure thereunder.

3

[W]hile [the buyer] has paid [the seller] a substantial amount of money under the [contract], [the buyer] has paid far less than she agreed to pay, notwithstanding the fact that [the seller] does not have the financial ability to convey clear title, irrespective of the amount agreed to be paid by [the buyer].

[T]o do equity between the parties and permit each to have, at least partially, the benefit of their respective bargains, upon receipt of $910.41 from [the buyer], [the seller] should immediately convey the property to [the buyer] by Special Warranty Deed (excluding the warranty to pay the code enforcement lien) and that [the buyer] should be responsible for satisfying the lien which clouds her property . . . .

Based on the above, it is

ORDERED AND ADJUDGED as follows:

A. The [buyer's] request for declaratory relief as set forth in Count 1 of the Complaint is GRANTED.

B. The [buyer] . . . shall deliver to [the seller] the sum of $910.41, representing the difference between the remaining principal balance ($83,910.41) and the county lien upon the property ($83,000).

C. The [seller] . . . within 10 days from the date of delivery of the payment . . . shall execute a Special Warranty Deed in [f]avor of [the buyer] for the property set forth in the Contract . . . . Said Special Warranty Deed shall exclude only the [c]ode enforcement lien which clouds the property and [the buyer] shall take title subject to said lien and shall bear sole responsibility for clearing said cloud on her title.

D. [The buyer's] other counts shall be subsumed in the granting of the request for declaratory relief as set forth above.

E. [The seller's] Counterclaim is hereby DISMISSED. . . .

(paragraph numbers omitted).

4

### 3. *Our Review*

This appeal followed. The seller argues that the buyer was on constructive notice of the recorded lien, and that the circuit court's final judgment improperly modified the parties' contract by allowing the buyer to pay only a small portion of the property's purchase price, while depriving the seller of the property's full value and the agreed-upon interest to be paid over time.

We agree with the seller's arguments. Regardless of whether the seller informed the buyer of the lien's existence, the lien was recorded before the parties entered into the contract, and the buyer ultimately did not present any evidence that the seller made any misrepresentation regarding whether a lien existed or not, whether fraudulently or negligently. Thus, the buyer had constructive notice of the lien's existence. *Cf. M/I Schottenstein Homes, Inc. v. Azam*, 813 So. 2d 91, 95 (Fla. 2002) ("Knowledge of clearly revealed information from recorded documents contained in the records constituting a parcel's chain of title is properly imputed to a purchasing party, based upon the fact that an examination of these documents prior to a transfer of the real property is entirely expected."); *Lafitte v. Gigliotti Pipeline, Inc.*, 624 So. 2d 844, 845 (Fla. 2d DCA 1993) ("Constructive notice is information or knowledge of a fact imputed by law to a person although he may not actually have it[], because [the person] could have discovered the fact by proper diligence, and [the person's] situation was such as to cast upon [that person] the duty of inquiring into it.") (citation and internal quotations marks omitted).

The circuit court's conclusion that the seller's *present* inability to satisfy the code enforcement lien constituted anticipatory breach, was error. Under the contract's plain language, the seller was not obligated to deliver clear title to the buyer until the buyer made the payments set forth in the contract, an event which remained years away and which may never have occurred if the buyer defaulted on the payments. *See Ryan v. Landsource Holdings Co.*, 127 So. 3d 764, 768 (Fla. 2d DCA 2013) ("To be entitled to damages based upon an anticipatory breach, the nonbreaching party must establish its ability to perform at the time of the breach. The rationale for this rule is that the holder of the duty based upon a condition precedent cannot profit from an anticipatory repudiation of a contract that he would have breached himself.") (internal citations, quotation marks, and brackets omitted); *Alvarez v. Rendon*, 953 So. 2d 702, 709 (Fla. 5th DCA 2007) ("An anticipatory breach of contract occurs before the time has come when there is a *present* duty to perform as the result of words or acts evincing an intention to refuse performance in the future.") (emphasis added).

5

The circuit court also erred in using its declaratory relief powers to modify the parties' contract into a contract of the court's own creation. That is, the court modified the contract from one in which the buyer was to purchase the property for $85,000 plus interest, into one in which the buyer was permitted to purchase the property for whatever amount the buyer had paid to the seller up until the point of the judgment, plus "$910.41, representing the difference between the remaining principal balance ($83,910.41) and the county lien upon the property ($83,000)." Although we can appreciate the court's motivation was "to do equity between the parties," there simply is no legal basis for the manner in which the court rewrote the parties' obligations under the contract. *See Prudential Ins. Co. of America v. Wynn*, 398 So. 2d 502, 503 (Fla. 3d DCA 1981) ("Notwithstanding that the trial court may have been benignly motivated, it was not empowered to violate the sanctity of [the parties'] contract.").

Although the buyer has not cross-appealed in this case, we note that the circuit court's modification of the contract also may have prejudiced the buyer. Under the contract's plain language, the buyer, upon making the payments set forth in the contract, was to receive clear title to the property. Instead, according to the circuit court's final judgment, the buyer was saddled with clouded title to the property, in the form of an $83,000 lien. Although the county may have had an amnesty program by which the county could forgive all or part of the fine supporting the lien, it is beyond our record whether the buyer would have received any amnesty from the lien as consideration for having demolished the structure which led to the fine's imposition.

As for the seller's counterclaim to foreclose on the contract, the seller provided competent substantial evidence to support that action, as it was undisputed that the buyer ceased making the monthly payments. All of the buyer's affirmative defenses to that action lacked merit, as each defense relied upon the buyer's argument that the seller failed to disclose the recorded lien encumbering the property. Because the buyer was on constructive notice of the recorded lien's existence, the buyer's ceasing of the monthly payments was unjustified.

In sum, while we respect the circuit court's motivation "to do equity between the parties," the only legally proper result of this action was to enter final judgment in the seller's favor on both the buyer's complaint and the seller's counterclaim. Therefore, we reverse the circuit court's final judgment, and remand for entry of a legally proper final judgment.

*Reversed and remanded.*

Levine, C.J., and Kuntz, J., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**