ELLIOTT ET AL. *v.* THE TRAVELERS INSURANCE COMPANY.

[No. 18,072. Filed June 8, 1951.]

*Walter Myers, Jr.,* and *Obed T. Kilgore,* both of Indianapolis, for appellants.

*Burke G. Slaymaker, Theodore L. Locke, Hugh E. Reynolds, Emerson Boyd* and *William B. Weisell,* all of Indianapolis, for appellee.

CRUMPACKER, J.—On the 29th day of November, 1920, the appellee issued a policy of insurance to George A. Elliott whereby it insured his life in the sum of $10,000 payable upon his death to his wife Lillian Elliott, one of the appellants herein. Thereafter on the 31st day of January, 1924, the said George A. Elliott and the appellee entered into a supplemental contract, which they designated a "trust agreement," under the terms of which the appellee was directed to retain the proceeds of said policy upon the death of the insured and invest them "with its general corporate funds as a part thereof in securities in which such corporate funds may be invested." On its part the

appellee agreed to pay interest on such proceeds monthly at the rate of 3½ per cent per annum to the appellant Lillian Elliott during the term of her natural life. The agreement further provides that at the death of Lillian Elliott "this trust shall terminate" and the principal held by the appellee, together with any unpaid interest, shall be paid to the appellants Frances Elliott Marshall, Martha Elliott Christian and John Smith Elliott, children of said George and Lillian Elliott, in equal shares or all to the survivors or survivor. However, if none of said Children be living at the death of their mother the principal sum and accumulated interest, if any, is to be paid to her executor or administrator. George A. Elliott died in 1925 and, by virtue of said agreement, the appellee retained the proceeds of said insurance policy in the sum of $10,000, comingled them with its corporate funds, and began the payment of monthly instalments of interest thereon at the rate of 3½ per cent per annum to the appellant Lillian Elliott and has continued to do so to this date.

Concluding that the supplemental contract above described constitutes an express trust the appellants brought this suit to terminate the same and recover its corpus to each as his interest appears. Their complaint is in three paragraphs to each of which the appellee filed a demurrer for want of facts. Each of these demurrers was sustained and, upon the appellants' refusal to plead further, the court entered judgment that they take nothing by reason of their complaint. Alleged error in sustaining these demurrers is the sole question presented by this appeal.

The first paragraph of the complaint proceeds upon the theory that the insurance policy, issued by the appellee to George A. Elliott, and the supplemental agreement they entered into, when read together,

creates a dry or naked trust which is and has been, since its inception, impossible of performance. The argument in support of this theory is grounded upon what the appellants assert are two wholly inconsistent and incompatible provisions of the so-called trust agreement. According to one clause thereof the income of the trust estate is to be paid to the appellant Lillian Elliott during the term of her natural life and according to another "The income of this trust agreement is expressly given for the support of the beneficiaries nominated in this trust agreement." The appellants Frances Marshall, Martha Christian and John Elliott say that the trust agreement nominates them, as well as their mother, as beneficiaries of the trust and it is impossible for the trustee to pay all of the income of the trust estate to her and at the same time pay any part thereof to them, as the agreement directs. Thus the appellee became the mere passive depository of the proceeds of the policy with no active duties to perform.

Were we to concede merit to this contention it would be necessary for us to recognize, as a proper principle in aid of construing contracts, the process of lifting isolated clauses out of context and considering them without reference to the document as a whole. This, of course, we cannot do. *Sindlinger* v. *Dept. of Financial Institutions* (1936), 210 Ind. 83, 199 N. E. 715; *Hoverstock* v. *Darrow* (1932), 94 Ind. App. 83, 179 N. E. 790. The true meaning of a contract is to be ascertained from a consideration of all its provisions in order to carry out the intention of the parties gathered from the whole instrument. *Sindlinger* v. *Dept. of Financial Institutions, supra; Home Devp. Co.* v. *Arthur Jordan L. Co.* (1935), 100 Ind. App. 458, 196 N. E. 337; *Frick Co., Inc.* v. *Walter Cox Co., Inc.* (1936), 101 Ind. App. 402, 199 N. E. 462. The Supreme Court has also held that words used in a

contract should not be given their usual and common meaning when, from the entire contract and the subject matter thereof, it is clear that some other meaning was intended. *Haworth* v. *Hubbard* (1943), 220 Ind. 611, 44 N. E. 2d 967.

The paragraph of complaint under consideration pleads verbatim both the insurance policy and the so-called trust agreement and it is asserted that they must be read together in arriving at the intention of the parties. In doing so it will be noted that the policy makes the appellant Lillian Elliott the sole beneficiary of its proceeds and makes no reference to the other appellants. This fact taken in connection with the trust agreement, considered as a whole, makes it perfectly clear that George Elliott's primary purpose and intention was to provide for his widow during her lifetime by making it impossible for her to lose or dissipate the principal proceeds of a life insurance policy that otherwise would be payable to her in a lump sum immediately upon his death. To effectuate this purpose the clause in the trust agreement which provides that the income from the policy proceeds "is expressly given to the beneficiaries nominated" therein must be construed to refer to the appellant Lillian Elliott only. When so construed the instrument is not impossible of performance and no dry or naked trust results therefrom. In our opinion the demurrer to the first paragraph of the complaint was properly sustained.

The second paragraph of the complaint asks for the dissolution of the trust on the theory that its purpose was to provide economic security for its beneficiaries; that because of changed conditions and the increased cost of living, not anticipated or foreseen by the settlor, the trust is moribund and wholly incapable of accomplishing its purpose and that the appellants, being

all of the beneficiaries and the only interested parties, have agreed among themselves to its dissolution and the distribution of its corpus. In this connection they also allege that the appellee has made no effort to pay the income of the trust fund to them or either of them. This contention is based upon their construction of the word "income" as meaning and referring to the returns the appellee receives on the $10,000 which, they say, is in excess of the $3\frac{1}{2}$ per cent interest guaranteed by the agreement. This strikes us as an unwarranted construction of the word "income" as used in the agreement which, when construed in its entirety, clearly indicates that the parties intended and understood that the income the appellant Lillian Elliott is to have for life is $3\frac{1}{2}$ per cent on the proceeds of the policy and no more or no less.

It is only in rare and exceptional cases that courts of equity have exercised the power to dissolve a trust before the expiration of the term for which it was created. This occurs in instances where the trust has become impossible of performance because of the existence of conditions not anticipated when the trust was created if "court interference will not disturb the trust scheme but is rendered necessary in order to prevent its entire failure." *Maley* v. *Citizens Nat. Bank of Evansville* (1950), 120 Ind. App. 642, 92 N. E. 2d 727. The allegations of the second paragraph of the complaint make it perfectly clear that, although $3\frac{1}{2}$ percent per annum interest on $10,000 will not furnish economic security to all the appellants and would not have done so at the time the trust was created, to that end it will be of substantial and material assistance to the appellant Lillian Elliott and to that extent the trust is not moribund nor is the interference of the court necessary to prevent its entire failure in purpose. On the contrary the complaint in-

dicates that a dissolution of the trust would completely destroy the settlor's scheme or plan whereby he sought to provide his widow with a fixed and safe income, albeit meager, during her lifetime.

Cases where equity has decreed the dissolution of a trust upon an application of all interested parties have heretofore been limited to instances where "the whole design and object of the trust scheme had been practically accomplished, and all of the interests created by it had become vested. 2 Perry on Trusts, (3d Ed.), § 920; *Bowditch* v. *Andrew*, 8 Allen (Mass., 339), 341. Even then the assent of the trustee was essential to the exercise of jurisdiction." *Cuthbert* v. *Chauvet* (1892), 136 N. Y. 326, 32 N. E. 1088 and quoted with approval in *Maley* v. *Citizens Nat. Bank of Evansville, supra.* The complaint before us contains no allegation that the purposes of the trust involved have been accomplished. The allegations in that respect are quite the contrary. Nor is it alleged that the trustee assents to the distribution. Here also the contrary is specifically charged. The demurrer to this paragraph was properly sustained.

The third paragraph of complaint counts on Burns' Stat., § 51-101 which reads as follows: "No limitation or condition shall suspend the absolute ownership of personal property longer than till the termination of lives in being at the time of the execution of the instrument containing such limitation or condition, or, if in a will, of lives in being at the death of the testator." This statute was in force and effect when the agreement in controversy was executed but was repealed by Acts of 1945, Chapter 216, § 6. For the present law see Burns' 1951 Replacement, § 51-105. It is alleged that because the corpus of the trust estate vests in the executor or administrator of Lillian Elliott's estate in the event none of her children, the

appellants herein, are alive at her death, the ownership of such corpus may be suspended beyond lives in being at the time of the execution of the trust agreement. That in such event, quoting from appellants' brief, "the ownership of $10,000 would remain hanging in air until such time as the executors or administrators of Lillian Elliott should be appointed and qualified. Conceivably the appointment and qualification of such executors or administrators might never happen." Hence, the appellants contend, the contract violates the rule against perpetuities which pertained at the time of its execution.

We are unable to follow this reasoning. The absolute ownership of the $10,000 involved is suspended only during the life of the appellant Lillian Elliott who was in being at the time the trust agreement was executed. At her death it becomes the absolute property of the other appellants or the survivor of them. If none survive then such ownership vests in Lillian Elliott's executor or administrator for the benefit of those who participate in her estate of whom, in any eventuality, the State of Indiana was and will be in being. The fact that there is bound to be a time lag between Lillian Elliott's death and the appointment of a personal representative is of no significance. That occurs when anyone dies leaving personal property and it has never been considered as suspending the ownership thereof. In our opinion the demurrer to this paragraph of complaint was properly sustained.

In discussing these questions we have treated the contract between the appellee and George Elliott, made subsequent to the issuance of the insurance policy out of which it has its origin, as creating a trust of which the appellee is the trustee and the appellants the beneficiaries. The appellee contends with considerable logic

that no trust is involved; that said contract merely creates the relationship of debtor and creditor between the parties and that the appellee, as shown by the complaint, has met its obligations by the payment of all money due under the terms of said contract as of this date. The appellee supports this position by urging that none of the badges of an express trust are present; that if it were a trustee it would only be required to invest the proceeds of the policy prudently and pay over such income as might be earned and should the principal be lost through circumstances not under its control, it would be excused from further obligations. It would be required to keep the corpus of the trust segregated from its own funds and vested in securities meeting statutory requirements. Under the facts pleaded however, the appellee contends, its obligation is definitely fixed by contract regardless of what it does with the money and it must pay 3½ per cent interest thereon whether said funds earned more or less than that amount. That on the due date it must pay the principal amount, not more or less, and any loss resulting from its handling of the money, even if unavoidable, is its own concern.

In view of our conclusion that even under the appellants' construction of the contract the complaint fails to show grounds for the dissolution of the alleged trust, we find it unnecessary to decide this question.

Judgment affirmed.

Bowen, J., not participating.

NOTE.—Reported in 99 N. E. 2d 274.