Ada J. VANT and Walter J. Vant, Appellants,

v.

The MUTUAL BENEFIT LIFE INSURANCE COMPANY, a Corporation.

No. 12408.

United States Court of Appeals Third Circuit.

Argued March 21, 1958.

Decided April 30, 1958.

Rehearing Denied June 9, 1958.

Paul Ginsburg, Pittsburgh, Pa., for appellant.

Gilbert J. Helwig, Pittsburgh, Pa. (Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

On March 23, 1920, the late George H. Vant amended the settlement provision of his application to the defendant for insurance in the amount of $25,000 on his life. In accordance with that amendment, policies were issued to provide in relevant part that on the death of the insured, the defendant would hold the proceeds, pay the widow interest at 3% per year for life, and upon her death pay the son interest at the same rate until January 1, 1943, and then pay the son the entire amount of the proceeds. The application directed that "the right of the withdrawal is to be withheld from my said Wife during her lifetime, and is also to be withheld from my said Son until January 1, 1943."

When the insured died, the defendant issued a $25,000 "interest income certificate" wherein it formally undertook to make payments to the widow and son in accordance with the terms of the policy. After January 1, 1943, the widow and son, both living, contracted to "merge their interests" for the purpose of receiving the proceeds immediately and outright. The defendant refused to pay other than by the terms of the insurance agreement. Thereupon, the widow and son brought this action, basing jurisdiction on diversity of citizenship, seeking to compel a present lump sum payment. The defendant moved to dismiss under Fed.Rules Civ.Proc. Rule 12(b) (6), 28 U.S.C., for failure to state a claim upon which relief can be granted, and the plaintiffs moved for summary judgment under Rule 56. The plaintiffs' motion was denied, the defendant's motion was granted, and accordingly the district court ordered the action dismissed. This appeal by the plaintiffs followed.

The plaintiffs attempt to effect a nullification of the method of disposition of the proceeds as formulated by the deceased and incorporated in the insurance contract. There is some dispute whether an insurance company in this situation can be considered as a trustee so as to permit a court of equity to direct an anticipation of the agreed distribution. See the opinions in Re Nires, 1943, 290 N.Y. 78, 48 N.E.2d 268, 145 A.L.R. 1368; and see the comprehensive review and analysis in 1 Scott, Trusts, 2d ed. 1956, § 87.1. Even assuming the power to exist, the court will exercise it only in rare instances.

"The court will not, however, authorize or direct the trustees to apply for the support of the beneficiary income which by the terms of the trust it was validly provided should be accumulated for him, or to apply principal for his support when such use of the principal is not authorized by the terms of the trust, unless the needs of the beneficiary are such as to require a deviation from the

terms of the trust." See 2 Scott, Trusts, 2d ed. 1956, § 168 at 1187; Restatement, Trusts, §§ 167, 168.

These authorities make it clear that the court is but undertaking to do what it thinks the deceased would have provided had he anticipated the eventualities which occurred. If the trust was set up to provide for the needs of the beneficiary, and circumstances have changed to such a degree as to make the trust ineffective to secure that purpose, courts have deviated from express terms to accomplish the basic general purpose of the instrument. As long as the circumstances remain unchanged, however, it must be assumed that the deceased contracted to frustrate demands for payment sooner than he had provided. Interference by a court in this situation would have no equitable basis. It might well be viewed as a merely arbitrary interference with liberty of contract.

In this case, the insured chose one of a variety of permissible methods of disposing of the proceeds of his insurance policy. The plan he formulated is now in effect. The plaintiffs neither alleged nor indicated that they would attempt to prove any change of circumstance other than the agreement of the beneficiaries to merge their interests and demand immediate payment. To the contrary, by moving for summary judgment they have conceded that the only issue in the case is whether this agreement alone is sufficient reason to require the insurer to pay the beneficiaries sooner than the insured wanted and directed that they be paid. Elliott v. Travelers Ins. Co., 1951, 121 Ind.App. 400, 99 N.E.2d 274, discussed and approved in 1 Scott at page 674, is nearly directly on point. There the deceased left the proceeds of his life policy with the insurance company to pay 3½% interest per year to one appellant for life, and at death to pay the corpus to the other appellants. The appellants agreed to receive the payment immediately, claiming that the cost of living had increased so much as to make the "trust" moribund. The court denied the appellants' claim on the ground that the intent of the deceased, far from being disregarded, was being precisely followed. As Scott observes: "[I]n the absence of any exigency there is no reason for deviating from the arrangement made by the insured with the company."

We are aware that the view propounded by Professor Scott—that under the proper circumstances, the court will treat the insurance company in the same way as a trustee—has been influential to the extent that it has been introduced into the Restatement of Trusts. See § 12, comment gg (1948 Supp.) and comments thereto. Whether or not Pennsylvania would adopt this view in an appropriate case we do not attempt to say. For the present complaint and the motions upon which the case was submitted for final decision present for adjudication merely the question whether the two beneficiaries can at their pleasure so "merge their interests" as to receive immediately and in full that distribution of proceeds which under the insurance contract was to be deferred. This we hold they cannot do.

The judgment will be affirmed.