167 So.2d 70 (1964)
Jacob ROSEN and Betty Rosen, and the Franklin Life Insurance Company, a Florida corporation, Appellants,
v.
Harvey L. ROSEN, Elliot K. Rosen, and Michael S. Rosen, minors, and James Crawford, as Guardian Ad Litem for Said minors, and the Manufacturers Life Insurance Company, a Canadian corporation, Bruche C. Rosen, Appellees.
No. 63-659.
District Court of Appeal of Florida. Third District.
September 8, 1964.
*71 Jonas & Riddle, Miami Beach, for appellants Jacob and Betty Rosen.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellant Franklin Life Ins. Co.
Shutts, Bowen, Simmons, Prevatt & Boureau, Miami, for appellee Manufacturers Life Ins. Co.
Ungerleider & Winton, Miami Beach, for appellees Bruche C. Rosen and James Crawford, as guardian ad litem.
Before CARROLL, HORTON and TILLMAN PEARSON, JJ.
PER CURIAM.
This case involves disposition of proceeds of life insurance policies. Some years prior to his death Robert A. Rosen obtained two life insurance policies amounting to approximately $35,000. His three small sons were made beneficiaries, with provision that payment to each be deferred until he reached 25 years of age. Shortly before he died Robert A. Rosen changed the beneficiaries, making the policies payable to his father, Jacob Rosen.
After death of the insured, the two companies filed interpleader suits. As stakeholders they alleged claims to the fund by the named beneficiary and by the children. A guardian ad litem was appointed who answered on behalf of the children, contending (1) that the intent was for the proceeds of the policies to go to the insured's father in trust for the children, and (2) that the change of beneficiary was brought about by undue influence. The latter contention was not pursued at trial.
The chancellor found the change of beneficiary to the insured's father was for the purpose of creating a trust for benefit of the three sons, the oldest of which then was seven years of age.[1] However, the chancellor, being of the opinion that a guardianship would be preferable to the trust created by the insured because the terms of the trust were not particularized,[2] directed the *72 insurers to pay the proceeds to a guardian for the children rather than to the beneficiary named in the policies.
The beneficiary appeals, challenging the holding as to the trust and the order for payment to a guardian rather than to him. An insurer also appeals, contending it was error to require payment to one not the designated beneficiary. We affirm the portion of the decree holding the proceeds should pass to the beneficiary charged with a trust for the benefit of the children of the insured, but we reverse the portion of the decree directing payment of the proceeds of the policies to a guardian.
No extensive discussion appears necessary. The finding of intent for the trust has sufficient evidentiary support, and this trust of personal property was provable by parol evidence. Bay Biscayne Co. v. Baile, 73 Fla. 1120, 75 So. 860; McCrory Stores Corp. v. Tunnicliffe, 104 Fla. 683, 140 So. 806; 33 Fla.Jur, Trusts, § 21. The payment to the beneficiary designated in the policies was a matter of contract between the insurers and the insured, and the chancellor committed error in directing payment to be made to another. Aetna Casualty and Surety Company v. Simpson, Fla.App. 1961, 128 So.2d 420, 424; Vant v. Mutual Benefit Life Insurance Company, 3 Cir.1958, 255 F.2d 263. The chancellor's concern because provisions for performance of the trust were not spelled out, would not justify making a different contract for the parties. The trust which exists is that which the court found was made as an incident to the designation of the father of the insured as the beneficiary under the policy. If the trust suffers from lack of specific provisions for its performance, naming a guardian as recipient of the money would not supply such terms. Moreover, this trust is subject to supervisory control by the court. Children are wards of courts of equity. Trustees are accountable to equity, and their performance may be directed and controlled by a court of equity. Thus, in 33 Fla.Jur., Trusts, § 111, it is said:
"Courts of equity have original, general, and inherent jurisdiction over trusts and the administration thereof. All trusts, whether express or implied, are within the jurisdiction of the chancellor, even though the relief demanded is for the recovery of money. Proceedings involving trusts are ordinarily within the exclusive jurisdiction of equity. The aid of equity may at any time be invoked in the interest of a particular trust when the subject matter thereof is put in jeopardy or when other good cause is shown. This jurisdiction embraces authority in a proper case to impress a resulting or constructive trust on property, assuming that no adequate remedy exists at law, or to compel an accounting by the trustee. * * *"
On behalf of the children it was argued that Jacob Rosen was hostile to them, and, therefore, should not be permitted to receive the money as trustee. Presumably that argument stems from the fact that in response to the interpleader suits Jacob Rosen claimed the money individually and denied the trust. The fact that he took that position in the interpleader suits does not of itself establish hostility or incompetence of this trustee who was selected and trusted by the insured. The facts upon which it was determined that a trust was intended were in issue and subject to litigation, but now that it has been held the *73 intent of the insured was that the beneficiary should hold and use the money for the children, there is no justification at this stage of the matter to assume the chosen trustee will be hostile or improper. If such should develop, then a change of trustee could be sought.
Accordingly the decree is reversed in part and affirmed in part in the respects stated above, and the cause is remanded for further proceedings not inconsistent herewith.
Affirmed in part and reversed in part and remanded.
NOTES
[1] The decree stated as follows:

"3. It was the intent of the insured, Robert A. Rosen, that his three minor sons have the beneficial use of the proceeds of the life insurance policies involved in these actions. On January 8, 1962, the insured, who was incurably ill, signed blank change of beneficiary forms and instructed one of his life insurance agents, Jerome Katz, to make insured's father, Jacob Rosen, beneficiary in order to free the proceeds from the restrictive provisions then in effect and to place them in the hands of a beneficiary who was not suffering legal disability in order that those funds could be used for the benefit of insured's minor sons, then ages 7, 4 and 2, without delaying until they reached age 25. It was the intent of the insured to establish a trust in these proceeds for his minor sons. No financial relationship existed between the insured and his father which would support a contention that the insured preferred his father, who was not in need, at the direct expense of his minor sons, who will need these proceeds for their education, support and maintenance. When one considers the financial strength and age of the insured's father as compared to the youth and helplessness of his children, it must be concluded that it is unnatural for the insured to have designated his father as beneficiary without having a corresponding intent that these proceeds be used for the benefit of his minor sons. * * *"
[2] The decree stated as follows:

"5. The application of these proceeds for the benefit of said minor sons can best be accomplished through the lawfully appointed guardian of their respective properties. The trustor, Robert A. Rosen, did not circumscribe the powers, duties, and privileges of the trustee in the administration of the trust. On the other hand, the powers, duties and responsibilities of guardians in Florida are circumscribed by law, and their activities are supervised by the County Judge. Guardians are required to file annual accountings to the County Judge, and he is required to audit them. It is in the best interests of the minor beneficiaries that the proceeds of these policies be paid over to the guardian of their respective properties."