213 So.2d 301 (1968)
Mary F. LANE, Individually, and As Executrix of the Estate of John P. Lane, Deceased, Appellant,
v.
PALMER FIRST NATIONAL BANK AND TRUST COMPANY OF SARASOTA, As Trustee, Etc., et al., Appellees.
No. 7409.
District Court of Appeal of Florida. Second District.
August 14, 1968.
Ezra J. Regen and John J. Blair, of Blair, Regen & Williams, Venice, for appellant.
C.L. McKaig, Sarasota, and Worth Dexter, Jr., of Dexter, Conlee & Bissell, Sarasota, for appellee Palmer First Nat. Bank.
Francis C. Millican, of Millican, Whitney & Trawick, Sarasota, as guardian ad litem for Emily Payson Lane and Charlotte Williams Lane, minor appellees.
*302 Donald T. Senterfitt and Robert L. Manly, of Akerman, Senterfitt, Eidison, Mesmer & Robbinson, Orlando, for Florida Bankers Ass'n, amici curiae.
OVERTON, BEN F., Associate Judge.
This is an appeal from a final decree holding an inter vivos trust valid and not illusory. We agree and affirm.
The plaintiff widow, Mary F. Lane, individually, and as executrix of the Estate of John P. Lane, filed a complaint seeking to have a revocable inter vivos trust created by her deceased husband declared of no force and effect on the grounds that her husband, as settlor, retained exclusive dominion and control over the trust property during his lifetime and the trust was therefore illusory.
The provisions of the revocable trust created by John P. Lane, the deceased husband of the plaintiff, transferred certain property to the Palmer First National Bank and Trust Company of Sarasota as trustee. The trust provided for the income to be paid to the settlor Lane, and upon his death to his wife, and after their deaths the income would be paid to their two daughters until the youngest reached the age of twenty-eight, at which time the trust would terminate and the corpus distributed to the children or their respective heirs. The settlor further retained the power to invade the corpus of the trust.
In addition to the revocability and retention of income the settlor Lane reserved the power to direct the trustee in writing to sell, retain, exchange or lease property, and the trustee, under the terms of the trust, was not allowed and had no duty to sell, lease or exchange property without such written directions. The trustee was, however, required to supervise, make periodic examinations, and make recommendations concerning the trust property. The settlor could, by the terms of the trust, surrender any powers to the trustee, and upon the death of the settlor the trustee had full power and discretion to administer the trust.
The plaintiff conceded that the settlor Lane intended to create an inter vivos trust with him and his wife having the life income therefrom and his daughters as beneficiaries thereof. This trust, together with a similar trust entered into by his wife, was part of an estate plan for the Lane family. It is not contended that the trust was a subterfuge to deprive the wife of her dower rights nor that it was intended to avoid or subvert homestead rights. Further, no power of appointment is contained in this trust.
There is no evidence of how the trust actually operated during the life of the settlor Lane, and the sole issue for this court, as it was for the lower court, is to determine the validity of the inter vivos trust instrument on its face.
The provisions of this trust instrument retain for the settlor the following powers:
1. Life income,
2. Power to amend or revoke, and to invade the corpus of the trust,
3. Power of settlor to designate, sale, exchange or lease of all trust property, the trustee being required to act only upon such directions.
It is well settled that the retention by the settlor of a power to revoke, modify and invade the corpus, in addition to the reservation of income for life, does not invalidate a trust. Williams v. Collier, 120 Fla. 248, 158 So. 815, 162 So. 868; 1 Scott, Trusts 474 § 57.1 (3d ed. 1967); Bogert, Trusts and Trustees, 531 § 104 (2d ed. 1965); Restatement (Second) Trusts § 57 (1959); Roth, The Revocable Inter Vivos Trust, 16 U.Fla.L.Rev. 34, 43. This court must determine in this case whether the power retained by the settlor Lane over the trustee is one power retained too many, and coupled with the other retained powers is of such cumulative effect that the instrument was not a trust but an agency agreement.
The appellant, in contending the trust is invalid and illusory, relies upon the opinion *303 of the Supreme Court of Florida in Hanson v. Denckla (Fla. 1956) 100 So.2d 378, rev'd on other grounds 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), conformed 106 So.2d 549 (Fla. 1958), and particularly that portion which holds the settlor exercised too much control over the trustee, and quotes approvingly Scott, Trusts, and the Statute of Wills, 43 Harv.L.Rev. 521, 529, and the Restatement of Trusts (1935) §§ 56, 57.
The trust in Hanson v. Denckla, supra, is not entirely the same as the trust now before the court. In Hanson the settlor retained the power of appointment which was exercised frequently. The Lane trust did not contain a power of appointment. Both trusts allowed the settlor to retain the power of control over the trustee. In Hanson it allowed the settlor to change the trustee and designate an advisor who had the power of investment management over the trust property. In the Lane trust the power of control over the trustee was personal in the settlor rather than residing in part in an advisor.
Hanson v. Denckla, supra, was prolific in its production of text commentaries and law review notes and articles. 1 Scott, Trusts 491 § 57.2 (3d ed. 1967); 72 Harv.L. Rev. 695; 11 Stan.L.Rev. 344; 11 U.Fla.L. Rev. 266; 16 U.Fla.L.Rev. 46. Section 57 of the original Restatement of Trusts (1935) cited by the court in Hanson v. Denckla has been rewritten in the Restatement of Trusts (2d 1959) and now clearly states an inter vivos trust may be valid even though it allows the settlor to retain not only the life income and the power to revoke or modify, but also the power to control the trustee.[1]
Professor Scott and the other mentioned text authorities state that Hanson v. Denckla, supra, is a minority view. Because of this decision the revocable inter vivos trust in Florida must be approached with caution. This, in turn, has brought forth concern since trusts created in jurisdictions where they are valid may, after the settlor has retired to Florida and died, be held invalid.
It is the opinion of this court that a valid inter vivos trust instrument may be created in Florida even though it contains a power to control the trustee, in addition to being revocable and retaining the life income to the settlor in accordance with the provisions of § 57 Restatement (Second) Trusts (1959). The Lane trust now before the court is, therefore, on its face a valid inter vivos trust instrument.
It is distinguished from Hanson v. Denckla by the fact that the Lane trust does not contain a power of appointment. Further, there is no actual evidence of day-to-day control by the settlor. The power to control the trustee more than any of the other powers subjects it to severe scrutiny. If the settlor exercises day-to-day control over the trust property by the use of this power, then he has divested himself of nothing, and the trust is nothing but an agency agreement. Evidence of the actual operation of a trust during the life of a settlor and the actual control exerted by him may properly influence a court in determining *304 the validity of the instrument. This is not an issue in this case, although it was in part in Hanson v. Denckla, supra.
This court has carefully considered the authorities cited by the appellants, including Watson v. St. Petersburg Bank & Trust Co., 146 So.2d 383 (Fla.). They are not persuasive to the issues before the court in this case and judgment is accordingly affirmed.
ALLEN, Acting C.J., and PIERCE, J., concur.
NOTES
[1] "67. RESTATEMENT, TRUSTS § 57 (2) (1935), reads as follows: `Where the settlor transfers property in trust and reserves not only a beneficial life estate and a power to revoke and modify the trust but also such power to control the trustee as to the details of the administration of the trust that the trustee is the agent of the settlor, the disposition so far as it is intended to take effect after his death is testamentary and is invalid unless the requirements of the statutes relating to the validity of wills are complied with.'

RESTATEMENT (SECOND), TRUSTS § 57 (1959) reads as follows: `Where an interest in the trust property is created in a beneficiary other than the settlor, the disposition is not testamentary and invalid for failure to comply with the requirements of the Statute of Wills merely because the settlor reserves a beneficial life interest or because he reserves in addition a power to revoke the trust in whole or in part, and a power to modify the trust, and a power to control the trustee as to the administration of the trust.'"