237 So.2d 563 (1970)
In re ESTATE OF Andrew W. HERRON, Jr., Deceased.
No. 69-249.
District Court of Appeal of Florida, Fourth District.
June 19, 1970.
Rehearing Denied August 12, 1970.
*564 Joseph D. Farish and Eugene E. Shuey, of Farish & Farish, West Palm Beach, for appellant Edith M. Herron.
Larry Klein, of Cone, Wagner, Nugent, Johnson, McKeown & Dell, West Palm Beach, and Byrd, Whitley, Byrd & Devitt, Delray Beach, for appellee First Nat. Bank of Delray Beach, as Executor of Estate of Andrew W. Herron, Jr., Deceased.
REED, Judge.
The appellant, Edith M. Herron, has appealed from a final order of the County Judge's Court for Palm Beach County, Florida, which in effect held that the proceeds of certain life insurance policies on the life of appellant's deceased husband which policies were the res of an inter vivos trust created by the husband during his lifetime were not subject to appellant's right of dower.
The appellant's husband, Andrew W. Herron, Jr., died a resident of Palm Beach County, Florida, on or about 20 June 1966. His will was admitted to probate by the County Judge of Palm Beach County, and the First National Bank of Delray Beach was appointed executor. In due course the appellant filed in the estate an election to take dower. Thereafter, the executor petitioned the county judge for an order determining what assets should be included in the widow's dower. The petition stated, "* * * the petitioner does not question the said widow's right to dower but rather the assets to which she makes her claim. *565 * * *" The appellant filed an answer to the petition in which she alleged that a trust agreement which her husband had executed with the First National Bank of Delray Beach as trustee was illusory or testamentary and, therefore, invalid. On this ground the widow claimed to be entitled to dower in the proceeds of insurance policies on the life of the decedent which policies were payable to the First National Bank of Delray Beach as trustee under the said trust agreement.
On the issue thus framed the county judge entered the order from which this appeal has been taken. In pertinent part the order states:
"ORDERED AND ADJUDGED that the insurance trust established by the decedent herein during his lifetime, constitutes a valid trust disposition which can not be nullified as an illusory device, or one designed to defraud the widow of her dower rights, or otherwise as a nugatory inter vivos transaction.
"The assets constituting the corpus of the trust may not be properly drawn back into decedent's probate estate as assets subject to testamentary disposition, and they are, as a consequence, ineligible for inclusion in the property from which dower is to be assigned."
The order was entered on the basis of the trust agreement and the will of the decedent. No testimony was taken because both parties agreed to submit the matter on the basis of the instruments referred to and the applicable law.
The issue presented by the appeal is whether or not the county judge committed error when he entered the aforesaid order denying the widow dower rights in the proceeds of the insurance policies which were the subject of the aforesaid trust.
The trust agreement in question was executed by the appellant's husband, Andrew W. Herron, Jr., and the First National Bank of Delray Beach, as trustee, under date 26 September 1962. The agreement recites that the settlor was a resident of Palm Beach County, Florida. The trust agreement provided that the trustee would hold in trust certain life insurance policies on the life of the settlor and, on settlor's death, the proceeds for the benefit of the settlor's wife and surviving children. The policies were delivered to the trustee and made payable to it. By the trust agreement the settlor retained the power to revoke or amend the trust and retained all privileges accruing under the policies during the insured's lifetime such as the right to dividends and the right to borrow on the policies. By the trust instrument, however, the settlor relinquished the right to elect any option under the policy that would cause the proceeds under the policies to be paid in any manner except in a lump sum. The trust further provided that the trustee's sole duty during the lifetime of the insured-settlor would be a duty of safe-keeping. The settlor was required by the agreement to make the premium payments on the policies. Benefits provided for the wife were, by the terms of the trust agreement, in lieu of dower and subject to forfeiture if she elected dower.
The will of Andrew W. Herron, Jr., is dated the day following the trust agreement, i.e., 27 September 1962, and makes specific reference to the trust agreement. The will leaves certain items of personal property to the testator's wife and then bequeaths the residue of the testator's estate to the trust created under the aforementioned trust agreement.
At the outset there is a jurisdictional consideration. The sources of the county judge's jurisdiction are Article V, Section 3, Florida Constitution, F.S.A.; F.S. Section 36.01(1), F.S.A., and F.S. Section 733.12(2), F.S.A. The latter provides: "On any petition for assignment of dower, the right of dower as well as the admeasurement thereof, shall be determined * * *." Nevertheless, the county judge's court does not have jurisdiction to try title to real or personal property as against a person not claiming as a beneficiary of the *566 estate. In re Lawrence's Estate, Fla. 1950, 45 So.2d 344, 345. The Lawrence case indicates, however, that under the statute last cited above, the county judge does have jurisdiction to make a finding, for administrative purposes, of what assets belong to the estate. He cannot in so doing affect the rights of persons not claiming as beneficiaries under the estate. See also In re Donaldson's Estate, Fla.App. 1962, 147 So.2d 552, and In re Coffey's Estate, Fla. App. 1965, 171 So.2d 568.
In the present case the ruling of the county judge did not affect rights of persons not claiming as beneficiaries of the estate. The only person who was adversely affected was the widow, the appellant here, and she is claiming as a beneficiary of the estate to the extent of her statutory dower right. The ruling of the county judge amounted to a finding for administrative purposes of what assets belonged to the estate. We, therefore, conclude that he had jurisdiction to render the order appealed.
With respect to the merits, the appellant contends the trust was illusory and testamentary, and, finally, that the trust was a fraud on the wife and for that reason invalid.
An illusory trust is a trust arrangement which takes the form of a trust, but because of powers retained in the settlor has no real substance and in reality is not a completed trust.
As authority for her contention that the trust was illusory, the appellant cites Hanson v. Denckla, Fla. 1956, 100 So.2d 378. In that case a Mrs. Donner created a trust in 1935 by a written trust instrument naming the Wilmington Trust Company as trustee. She retained a life estate in the income of the trust, the power to revoke or amend the trust, and the right to appoint the remainder existing at her death. She also retained the right to restrict the trustee from exercising certain powers except upon written direction of an advisor whom she had the power to appoint. The Florida Supreme Court held that the trust was illusory because the settlor did not divest herself of "day-to-day control". The trust was also held to be testamentary  apparently for the same reason. The Hanson case is distinguishable from the present case in that no provision is included in the present trust whereby the settlor of the trust is empowered directly or indirectly to control the trustee in the administration of the trust after the corpus of the trust is completed by the addition thereto of the life insurance proceeds in lieu of the life insurance contracts.
Furthermore, we do not believe the Hanson case is controlling today. The public policy of this state as expressed by Ch. 69-192, Laws of Florida, 1969, is not to invalidate an otherwise proper inter vivos trust merely because the settlor of the trust has retained substantial powers over the trust res as well as the trustee. This statute does not apply to the present trust, but in our opinion it is declaratory of the law existent at the time the trust instrument was executed.
In Williams v. Collier, 1935, 120 Fla. 248, 158 So. 815, on rehearing, 162 So. 868, the settlor created an inter vivos trust of bonds. The trust instrument reserved the interest on the bonds to the settlor and also the right to revoke the trust. The trust instrument required the trustee to sell bonds and distribute the proceeds to the settlor's grandchildren upon the settlor's death. The court held that the widow was not entitled to dower in the bonds. The rationale of the decision was that the trust instrument sufficiently expressed a bona fide intention of the settlor to create a trust and that such intention did not violate applicable rules of law.
In Lane v. Palmer First National B & T Co. of Sarasota, Fla.App. 1968, 213 So.2d 301, a suit was filed by the widow in her capacity as an executrix of the deceased's estate as well as in her individual capacity. The purpose of the suit was to have declared *567 illusory an inter vivos trust created by the decedent in which the decedent had retained the right to receive the income; the power to revoke or amend; the power to invade the corpus, and the power to instruct the trustee as to certain aspects of the administration of the trust. It was there held that the trust was valid and not illusory. Hanson v. Denckla, supra, was distinguished.
In the present case the testator's intention to create a trust was clearly expressed. He had delivered the trust res to a designated trustee. The trustee had accepted delivery of the policies and the duty to keep them safe until the time for their collection arrived. In addition, the trustee had by necessary implication undertaken the duty to hold himself in readiness for the performance of the more active duties with respect to the trust upon the death of the settlor. Under these circumstances and the authorities mentioned above, we conclude that the manifest intention of the settlor should control as against a contention that the trust is illusory.
The next question is whether or not the trust was testamentary. A testamentary disposition of property is a disposition to take effect upon the death of the person making the disposition and involves assets as to which he has retained substantially the entire control until his death. Restatement, Trust, Second, § 53. By the nature of life insurance contracts, the major benefits to be derived therefrom do not accrue until the death of the insured. Merely because this was the nature of the trust res, the trust should not be considered testamentary. As we have pointed out above, the interest which passed to the trustee under the trust instrument was substantial and imposed a clear-cut duty on the trustee. Furthermore, the trust instrument showed a clear intention to create an inter vivos trust. Hence, the trust had a substantial existence during the life of the settlor and should not be considered testamentary. This is consistent with the view taken by the Restatement of Trust, § 57, which in comment "f" thereunder provides:
"If a person takes out a policy of insurance upon his life payable to a third person as trustee, the trust is not testamentary although the insured person reserves power to change the beneficiary of the policy and power to revoke or modify the trust. In such a case a present trust is created, the beneficiary of the policy holding his rights as beneficiary in trust. * * *"
See also Bogert, Trusts and Trustees, Second Edition, § 239, p. 36, wherein the author states:
"If no interest whatsoever in the insurance policy is to pass to the trustee during the life of the insured, and whatever interest eventually passes is to be transferred at the death of the insured but by virtue of the written agreement between the trustee and settlor made during the settlor's lifetime, then that agreement might conceivably be found to be a testamentary disposition, and invalid unless executed as a will. But if, as seems almost universally the case, some interest, great or small, does pass to the trustee during the life of the insured, by virtue of an assignment to the trustee or change of the beneficiary of the policy or otherwise, and the only effect of the death of the insured is going to be to extinguish the interests of the insured in the policy and relieve the trustee's interest under the policy from the danger of destruction by the use of the insured's powers of revocation or change of beneficiary or because of the failure to pay the premiums, then it would seem clear that the insurance trust is a bona fide inter vivos transaction and not at all testamentary in character." (Emphasis added.)
Compare the case of Rosen v. Rosen, Fla. App. 1964, 167 So.2d 70, wherein a parol trust of insurance policies was sustained by the Third District Court of Appeal. See also the case of Grapes v. Mitchell, Fla. *568 1963, 159 So.2d 465, 469, wherein the court stated:
"* * * To constitute a valid "trust" in personalty "three circumstances must occur: Sufficient words to raise it; a definite subject-matter; and a certain and ascertained object". * * *'"
On the basis of the foregoing authority, we conclude that the present trust was neither testamentary nor illusory and should be given effect according to the intention of the settlor.
We have not overlooked the appellant's argument that the trust was a fraud on the wife. No supporting authority is cited. Suffice it to say that we find no merit in the contention and we note that it was never presented to the lower court by the pleadings.
The order appealed is affirmed.
Affirmed.
CROSS, C.J., and METZGER, JOSEPH P., Associate Judge, concur.