## Gilbert Minors

*Jack A. Rounick,* for guardian.
*Sidney E. Herold,* for trustee.
*G. Jeffrey Cook,* for insurer.

TAXIS, *P. J.,* October 2, 1974—Richard L. Gilbert, father of the above-named minors, died on October 9, 1973, and on that date of his death he

was the named insured in three individual life insurance policies with the Prudential Insurance Company of America. Each of these policies contained similar specific beneficiary provisions pertaining to Mr. Gilbert's children. The pertinent portions of the beneficiary provisions in all of the policies read as follows:

"Any amounts designated hereunder to be payable to, or any rights of election or withdrawal designated herein to be exercisable by, any person specified in this Beneficiary Provision and becoming due and exercisable while such person is less than twenty-one years of age shall be paid to or be exercisable by Nona S. Gilbert, wife of the Insured, if living, Trustee, for the use and benefit of such person who is less than 21 years of age, but without liability or responsibility on the part of the Company as to the exercise of such right or the use, administration or application of such moneys."

The record indicates that these insurance policies were taken out by the father in fulfillment of his legally contracted obligation pursuant to a property settlement agreement prior to his divorce from Nona S. Gilbert which occurred on September 11, 1972.

On November 13, 1973, Continental Bank was appointed guardian of the estates of the above-named minors, and the guardian later petitioned the court for an order directing the insurance company to pay all proceeds payable under the three policies to the Continental Bank as guardian of these three minors.

The request of Continental Bank as guardian must be denied. Initially, the payments to the trustee from the insurance company are, as can be seen by a reading of the beneficiary provisions, in strict

compliance with the contract between Mr. Gilbert and insurer during his lifetime. Mr. Gilbert bargained for the designation of his wife as trustee to look after these insurance funds and entered into a contractural arrangement with Prudential to do so. Thus, this arrangement was the conscious and deliberate act of the insured who bound himself contractually, as has Prudential, to pay these to the named trustee.

The guardian counters by arguing that the trust contained in these beneficiary provisions is a dry trust and both the legal and equitable title pass to the beneficiary, i.e., the guardian of these minors. The court rules, however, that in the instant case the trustee does have certain duties imposed upon her to exercise any of the rights of election or withdrawal provided for within the beneficiary provisions. For example, the right of withdrawal exercisable by the trustee is the right to withdraw up to $3,000 in the event Stacy, Gary, Scott or Gregg Gilbert is enrolled as a student in a college or university, and, secondly, the trustee shall obtain the proceeds from the three individual life insurance policies for the use and benefit of the children that are less than 21 years.

The court has had called to its attention a case from Florida which factually is exactly on all fours with this. The appellate court reversed the trial court and directed the proceeds be paid to a trustee under the policy rather than to a guardian appointed for the minor. The appellate court, in reversing the lower court stated as follows:

"No extensive discussion appears necessary. The finding of intent for the trust has sufficient evidentiary support, and this trust of personal property was provable by parol evidence. Bay Biscayne Co.

v. Baile, 73 Fla. 1120, 75 So. 860; McCrory Stores Corp. v. Tunnicliffe, 104 Fla. 683, 140 So. 806; 33 Fla. Jur, Trusts, §21. The payment to the beneficiary designated in the policies was a matter of contract between the insurers and the insured, and the chancellor committed error in directing payment to be made to another. Aetna Casualty and Surety Company v. Simpson, Fla. App. 1961, 128 So. 2d 420, 424; Vant v. Mutual Benefit Life Insurance Company, 3 Cir. 1958, 255 F. 2d 263. The chancellor's concern because provisions for performance of the trust were not spelled out, would not justify making a different contract for the parties. The trust which exists is that which the court found was made as an incident to the designation of the father of the insured as the beneficiary under the policy. If the trust suffers from lack of specific provisions for its performance, naming a guardian as recipient of the money would not supply such terms. Moreover, this trust is subject to supervisory control by the court. Children are wards of courts of equity. Trustees are accountable to equity, and their performance may be directed and controlled by a court of equity.": Rosen et al. v. Rosen et al., 167 So. 2nd 70.

After consideration of the evidence, the court ruled that this is an act of trust and diversion of these funds to a guardian instead of a trustee would be a frustration of the expressed terms of the insurance contract. The request of the guardian is therefore refused and dismissed.

## SUPPLEMENTAL OPINION

TAXIS, *P. J.*, October 11, 1974 — By inadvertence, the petition of Nona S. Gilbert seeking to set aside the appointment of Continental Bank as

guardian, was not ruled upon in the opinion of the court dated October 2, 1974.

After consideration of this matter, the appointment of Continental Bank as guardian is reaffirmed and the petition seeking revocation of guardianship is dismissed.