BASKIN, Judge.
Colonel Gibson and Mrs. Gibson executed mutual wills. Colonel Gibson’s will provided that should he be predeceased by his wife, his estate, including real property in Coral Gables, would become part of a trust established in his wife’s will. Mrs. Gibson predeceased the Colonel. Although Mrs. Gibson’s original will contained a testamentary trust, she subsequently executed five wills which omitted the testamentary trust. After the Colonel’s death, the trial court entered the order appealed, holding that the Colonel’s estate should be distributed according to the laws of intestacy. This appeal ensued.
The personal representative argues that an inter vivos trust created by Mrs. Gibson should be the recipient of the Colonel’s estate. We disagree and approve the trial court’s order which states:
THIS CAUSE coming on to be heard upon the Amended Petition for Construction of a Will and Trust Agreement filed by EDWARD P. SWAN, as Personal Representative of the estate of MARY LAYMAN GIBSON, deceased, and the Response filed by the FLORIDA NATIONAL BANK AT MIAMI, as Personal Representative of the estate of RICHMOND T. GIBSON, deceased, and the Court having heard testimony of the Petitioner and his witnesses, and having heard argument of counsel finds as follows:
1. RICHMOND T. GIBSON died a resident of Dade County, Florida, on February 10, 1978 leaving a Last Will and Testament dated April 10, 1965. Paragraph Fifth of the Last Will and Testament of RICHMOND T. GIBSON states as follows:
FIFTH: In the event that my wife, MARY LAYMAN GIBSON, shall predecease me, all of the rest, residue and remainder of my estate I give, devise and bequeath to the FLORIDA NATIONAL BANK & TRUST COMPANY AT MIAMI, to be incorporated within and become a part of the corpus of that certain testamentary trust established under the Will of my wife, MARY LAYMAN GIBSON, of which said financial institution is trustee.
2. MARY LAYMAN GIBSON predeceased RICHMOND T. GIBSON dying on February 15, 1977 leaving a Last Will and Testament dated September 24, 1971. The Last Will and Testament of MARY LAYMAN GIBSON did not establish a testamentary trust and no evidence has been presented before this Court that it was the intention of RICHMOND T. GIBSON that the residuary of his estate should be distributed other than to the testamentary trust of MARY LAYMAN GIBSON and there being no testamentary trust in existence, the residuary lapses and the assets contained *624 therein should be distributed to the heirs of RICHMOND T. GIBSON as determined by the laws of intestacy of the State of Florida, and the Court being fully advised in the premises, it is thereupon
ORDERED AND ADJUDGED that:
1. That the residuary estate of RICHMOND T. GIBSON, given, devised and bequeathed to FLORIDA NATIONAL BANK & TRUST COMPANY AT MIAMI to be incorporated within and become a part of the corpus of that certain testamentary trust established under the will of MARY LAYMAN GIBSON shall lapse as there was no testamentary trust established under the will of MARY LAYMAN GIBSON.
The trial court correctly ruled that the trust disposition lapsed. Section 732.-512(1), Florida Statutes (1981) states:
Incorporation by reference
(1) A writing in existence when a will is executed may be incorporated by reference if the language of the will manifests this intent and describes the writing sufficiently to permit its identification.
Section 732.513, Florida Statutes (1981) states:
Devises to trustee
(1) A valid devise may be made to the trustee of a trust that is evidenced by a written instrument in existence at the time of making the will, or by a written instrument subscribed concurrently with making of the will, if the written instrument is identified in the will.
It is quite clear that Mrs. Gibson’s inter vivos trust did not exist when Colonel Gibson executed his will and could not have been incorporated by reference.
Section 732.603(2) Florida Statutes (1981) provides:
Antilapse; deceased devisee; class gifts
Unless a contrary intention appears in the will:
(2) If a devisee who is not a grandparent, or a descendant of a grandparent, of the testator:
(a) Is dead at the time of the execution of the will,
(b) Fails to survive the testator, or
(c) Is required by the will to be treated as if he predeceased the testator,
then the testamentary disposition to the devisee shall lapse unless an intention to substitute another in his place appears in the will.
For these reasons, we hold that the testamentary trust disposition lapsed.
Affirmed.