LETTS, Judge.
This appeal arises from a trial judge’s dismissal of a suit to foreclose a mortgage, brought by an institutional lender against two co-tenants admittedly in default at the time of acceleration. However, the final judgment in favor of said co-tenants also required them to reimburse the lender for all costs, fees, late charges and accrued interest. We affirm.
Substantial and competent evidence within the record of this nonjury proceeding, albeit disputed, supports the following scenario: the divorced borrowers owned the subject residence, in which the ex-wife resided, as tenants in common. Since 1974 the ex-wife had religiously made all the payments on this 8V2% mortgage, but in 1981 another judge, who had presided over their marriage dissolution, ordered the ex-husband to assume that burden which he did for several months. Thereafter the next three monthly checks, signed by the ex-husband and drawn by his bookkeeper were never sent to the institutional lender. Without any knowledge on the part of either the ex-husband or the ex-wife, the bookkeeper embezzled the ex-husband’s funds in a sum at least equivalent to the mortgage checks. Likewise, the initial notices of non-receipt of payments and of default were not received by either co-owner because the same dishonest bookkeeper was receiving the mail and concealing it from the ex-husband. As a consequence, the note was in default and mortgage foreclosure proceedings commenced accompanied by repeated attempts by the co-owners to bring the loan current.
The slings and arrows of a borrower’s misfortune are normally not enough to defeat the clear legal contractual rights of a lender. Were we to hold otherwise, we might well call a permanent halt to all mortgage lending, for there are innumerable other disasters which can, and do, befall homeowners, each tragedy as poignant as the one before us now. For example, the untimely death of a principle bread winner, the onset of a crippling and mon *1131 strously expensive disease, loss of employment and bankruptcy all come immediately to mind — and there must be a host of others. The law then is clear, “[t]he obligation of a mortgagor to pay and the right of a mortgagee to foreclose in accordance with the terms of the note and mortgage are absolute and are not contingent on the mortgagor’s health, good fortune ... or other personal circumstances .... ” Federal Home Loan Mortgage Corporation v. Taylor, 318 So.2d 203, 207 (Fla. 1st DCA 1975).
The above statement of the law speaks in absolutes, but that same case in the very next paragraph makes it clear that there are exceptions in an equitable proceeding such as this. There are many credible decisions that have denied foreclosure, because they would produce unjust, unconscionable or inequitable results, especially if the facts involve some wrongdoing or conduct by the lender inconsistent with foreclosure, thereby giving rise to waiver or estoppel. See Campbell v. Werner, 232 So.2d 252 (Fla. 1st DCA 1970) (note the dicta about the effect of a frustrated intent to pay, at 256); Schectman v. Grobbel, 226 So.2d 1 (Fla. 2d DCA 1969); Bowen v. State, 415 So.2d 142 (Fla. 5th DCA 1982); and Clark v. Lachenmeier, 237 So.2d 583 (Fla. 2d DCA 1970).
In the case before us now, the trial court announced it was not suggesting that the lender “did anything but what it should have done.” Yet, it is alleged in the complaint, argued without objection in the trial court and is again reported on appeal that the lender was not demanding foreclosure as the only alternative, but was quite content to reinstate the loan providing the interest rate was bounced from a lowly 8V2 % to 14V2%. However, such behavior by the lender, even if pertinent to this appeal, would not be inconsistent with foreclosure under the facts before us. We cannot expect charity to begin at Home Loan Bank Board chartered institutions. An 8V2% rate is a cross for any lending institution to bear in today’s financial market place and we will not label attempts to raise it during default as misconduct, especially since most borrowers in arrears would be delighted with reinstatement at a higher rate, as an alternative to foreclosure.
Despite all of the foregoing, we are of the opinion that the cumulative effects of the facts and circumstances of this case support affirmance. First of all, the decision of the trial court inevitably comes to us clothed with a presumption of correctness. Second, this is an equitable proceeding and the trial judge’s findings and conclusion comport with fairness and good conscience. Thus, as the Supreme Court noted in Delgado v. Strong, 360 So.2d 73 (Fla.1978), the trial court having exercised its discretion in denying a mortgage foreclosure, it would be error for a district court to reverse it, absent an abuse of discretion. Third, the occasion of an embezzlement by a third party employee is most unusual and compelling. Fourth, one of the co-tenants, who resides on this property, was utterly blameless and could not even be held responsible for the obviously poor choice of bookkeeper. Fifth, and perhaps most important, there is competent substantial evidence in the record to support the theory that both the borrowers were without knowledge of any arrearage for most of the period of the default. Last, there had been a long unblemished record of timely monthly payments.
Looking down the road to the mortgage lending fallout from what we do here today, it must be stressed that this opinion is limited to all of its cumulative facts and circumstances, no one, or less than all, of which should be offered as excuses for failure to meet financial obligations in subsequent cases. Probably a “per curiam affirmed” would best have served the Florida law in this regard; however, while we are not naive enough to suppose the lender will be content with our reasoning, we do believe an explanation was demanded in view of existing law which might indicate a contra result.
AFFIRMED.
*1132 HERSEY, J., concurs.
BERANEK, J., dissents without opinion.