# IN RE: ESTATE OF FLOECKHER

Case No. 86-226-CP

Nineteenth Judicial Circuit, Martin County

June 8, 1987

## APPEARANCES OF COUNSEL

**Robert L. Lord, Jr.** for personal representative.

**James P. McDonald** for petitioner.

## OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

### *SUMMARY FINAL JUDGMENT ON PETITION TO DETERMINE ASSETS SUBJECT TO ELECTIVE SHARE*

Respondents, PETER W. FLOECKHER, JR., ANNE F. DE-LANO, and WREN FLOECKHER SMITH, have brought this matter before the court on their Motion for Summary Judgment on petitioner, LOUISE W. FLOECKHER's Petition to Determine Assets Subject To Elective Share in accordance with Rule 1.510, Florida Rules of Civil Procedure, and Rule 5.025(d)(2), Florida Rules of Probate and Guardianship Procedure. The uncontroverted facts reveal that on 24 February 1986, the decedent executed a last will and testament. The record indicates conclusively that on 24 February 1986, the decedent also restated a trust instrument originally executed on 6 December 1973. The record further reveals that pursuant to terms of this trust instrument Connecticut National Bank, as trustee, paid to respondent, PETER W. FLOECKHER, JR., as personal representative, $160,000.00 for payment of estate taxes. Additionally, the trustee paid to the personal representative another $3,032.79 as proceeds from the decedent's checking account.

Turning to the relevant portions of the will, Article SECOND directs the trustee to pay out of trust assets "all estate, inheritance, succession and other taxes . . . imposed by the Government of the United States, of any state or territory. . . ." Article SIXTH provides that LOUISE W. FLOECKHER, decedent's spouse, shall receive a life estate in "any residence I may own in Martin County, Florida" with a remainder over to the decedent's children subject to trust provisions in favor of grandchildren if they are not 25 years of age. Article SEVENTH devises the rest, residue, and remainder of decedent's real and personal property to his children, Peter, Anne, and Barbara. This clause also provides that if any of the named children predecease the decedent then the proceeds should be paid to the children of the deceased child if they are 25 years of age or to the trustee if under 25 years of age.

Petitioner contends that summary judgment should be denied because the trust is illusory due to the extensive powers retained by the settlor. Petitioner, in support of this argument, points to the terms of the trust agreement that (1) allow the settlor to specify amounts of income and principal to be paid to the settlor; and (2) prohibits the trustee from sale or purchase of trust assets without the settlor's consent. In addition, by the terms of Article TENTH, the settlor

**15**

reserved to himself the following powers: (1) revocation of the trust, (2) alteration, amendment, or modification of the trust, and (3) withdrawal of trust assets. The powers thus reserved are personal to the settlor, do not extend to the personal representative and the trust is irrevocable upon the death of the settlor.

In support of her position, petitioner cites *Hanson v. Denckla*, 100 So.2d 378 (Fla. 1956), and *Lone v. Palmer*, 213 So.2d 301 (1968). The court is of the view that Section 689.075, Florida Statutes, is applicable to the trust instrument. Subparagraphs (1)(a) through (1)(f) of Section 689.075 clearly provide that an otherwise valid trust shall not be invalidated because of the retention of such powers by the settlor.

In view of the clear legislative intent as expressed in Section 689.075(5), Florida Statutes, the court is of the view on the undisputed facts that the trust in question is valid.

Petitioner next contends that summary judgment is inappropriate because a material fact in dispute exists on the issue of fraud. Succinctly stated, petitioner contends that based on penalty provisions in the trust, the trust is a fraudulent attempt to limit petitioner's elective share. In the court's view, petitioner's argument is in actuality an exercise in *post hoc ergo hoc* reasoning, is unsupported by any evidence in the record and would require the court to assume that the petitioner had rights in the trust res subject to fraud. As indicated, that contention is not supported by any material evidence before the court.

Petitioner also contends that the trust is incorporated by reference into the decedent's will and that, therefore, the trust provisions become testamentary dispositions subject to petitioner's elective share. In support of this contention, petitioner cites *In Re Estate of Baer*, 446 So.2d 1129 (Fla. 4th DCA 1984) and *In Re Estate of Potter* (Fla. 4th DCA 1985). For reasons to be discussed *infra*, the court finds these cases distinguishable and believes the correct rule of decision is contained in *Swan v. Florida National Bank*, 445 So.2d 622 (Fla. 3d DCA 1981).

In *Baer*, the Fourth District, through Glickstein, J., found that on the facts of the particular case (i.e. intestacy) that the terms of a pour-over trust were incorporated into decedent's will in order to insure that the testator's true intent was fulfilled. The facts in the present case clearly indicate a contrary intent (See *Baer*, 446 So.2d at 1128 and 1129). In *Potter*, the trust instrument and will were an interdependent whole that contained reciprocal testamentary dispositions which had to be applied together to effectuate the testator's intention.

In contrast, *Swan v. Florida National Bank* reveals that decedent's

16

will contained a clear incorporation of the trust instrument into the dispositive portions of the will. *See also Forsythe v. Speilberger,* 86 So.2d 427 (Fla. 1950). Applying the test prescribed in Section 732.512, Florida Statutes, to the terms of the will, the court finds that the will does not manifest an intent to incorporate the trust into the will.

Petitioner finally points to a provision in the trust that allows the trustee to pay, upon the request of the personal representative, any estate taxes, the grantor's expenses of last illness, and grantor's funeral expenses.

This provision in the petitioner's view, compels a finding that the entire trust res is thereby a part of the estate for purposes of administration. Counsel for respondent (should this be petitioner), again, cites no case or statutory authority to support this result.

Based on the foregoing uncontroverted facts, statutes, and case authorities, the court is impelled to conclude:

(1) There are no material facts in issue; and

(2) The Respondents are entitled to a Summary Final Judgment as a matter of law. It is therefore

ORDERED AND ADJUDGED that respondents' Motion For Summary Judgment on the Petition To Determine Assets Subject to Elective Share is hereby granted; and it is

ORDERED AND ADJUDGED that, as a matter of law, the trust res is not subject to estate administration.

DONE AND ORDERED at Stuart, Martin County, Florida, this 8th day of June, 1987.